THE STATE, Respondent, *v.* NEWTON CRAWFORD, Appellant.

*Practice, Criminal—Instructions—Doubt.*—All that is required of the court is, that, in a suitable case for such an instruction, it should instruct the jury, that if upon the whole case they have a reasonable doubt of the guilt of the accused, they should acquit him. (State v. Dunn, 18 Mo. 419, P. 4, affirmed.)

*Appeal from Washington Circuit Court.*

*S. Voullaire,* for respondent.

*M. Frissell,* for appellant.

BATES, Judge, delivered the opinion of the court.

This was a prosecution for rape. The appellant contends that the evidence left it doubtful whether he was the person who committed the offence. The appellant asked the court to instruct the jury as follows : " The jury must be satisfied beyond a reasonable doubt that Newton Crawford was the person who committed the act complained of, or they must find the defendant not guilty." The court refused to give

that instruction, but did give the following : " If, upon a fair and candid examination of all the evidence in the cause, the jury find good reason to doubt of the guilt of the prisoner, they will acquit him. An absolute and demonstrative certainty is hardly attainable in any case of this nature, but the jury are at liberty to act upon that degree of assurance, such as prudent men properly act upon in the more important concerns of life."

The instruction which was asked by the defendant and refused was properly refused. There is no warrant for asking an instruction as to a particular fact going to constitute, that if the jury has a reasonable doubt as to that fact, it must acquit. (State v. Dunn, 18 Mo. 425.)

It is with some hesitation that we refrain from reversing the judgment on account of the instruction given by the court through a fear that the latter part of the instruction may have so qualified that part which preceded it as to give to the jurors an incorrect idea of their duties. The foundation of the instruction is, that every man is presumed to be innocent until the contrary is proved. Therefore, after the jurors have given to all the evidence full and fair consideration and comparison, if the evidence does not so preponderate against the defendant as to produce in their minds a moral certainty of the guilt of the accused, he should be acquitted. Absolute certainty is not required ; that would be almost, if not quite, an impossibility in respect to anything depending on human testimony ; for the possibility of falsehood, by design or involuntarily, attaches to the testimony of every man. If, from the evidence, the jury are morally certain of the truth of the charge, they must find the defendant guilty, and, on the contrary, if they are morally certain that the charge is not proved, they must find the defendant not guilty ; and in neither of these two cases has the principle that the defendant is entitled to the benefit of a reasonable doubt any application : but if the jurors are in such a condition of mind that they are not morally certain either that the charge is proved, or that it is not proved, (the evidence being, as it

may be expressed, *in equilibrio*,) then the principle has application, and the reasonable doubt in their minds must be solved in favor of the accused. The first part of the instruction states the principle with apparently sufficient clearness. Something of discretion must be left to the Circuit Court in the use of language which may be comprehended by the jurors, of whose intelligence and capacity the judge can form some opinion. But the latter part of the instruction authorizes the jury to act upon such degree of assurance as prudent men properly act upon in the more important concerns of life. It is difficult to determine what this clause of the instruction would be understood by the jurors to mean in its application to the evidence given in this case. It might properly be construed to mean that they could act in finding their verdict as prudent men would act in the decision of a question affecting an important concern of life, in respect to which there was no presumption in favor of either side of the question ; but inasmuch as such a construction would cause the clause to contradict the preceding part of the instruction which is so plainly expressed, we think that it is scarcely reasonable to suppose that such construction could have been adopted by the jury. Upon the whole, therefore, although we regret the use of the particular language employed, we cannot hold that it had such meaning as to constitute it error.

Judgment affirmed ; the other judges concur.