THE STATE OF NEVADA, Respondent, *v.* AH LOI, Appellant.

DECLARATIONS OF PERSON ROBBED AS PART OF RES GESTÆ. On a trial for robbery the declarations of the person robbed as to the fact of the robbery, made immediately after the crime was committed, are admissible in evidence as part of the *res gestæ.*

CONTEMPORANEOUSNESS OF DECLARATIONS AS PART OF RES GESTÆ. To make the declarations of a party injured part of the *res gestæ,* they must be contemporaneous with the crime; but in order to be contemporaneous within the meaning of the law it is not indispensable that they should be precisely concurrent in point of time: if they spring out of and elucidate the transaction, and are voluntary and spontaneous, and made so near the time as reasonably to preclude the idea of deliberate design, they may be regarded as contemporaneous.

INDICTMENT FOR ROBBERY—OWNERSHIP OF PROPERTY. Robbery may be committed by the taking of property from the person of one who has nothing but a special right in it; and where an indictment charged that the property was taken from the person of the prosecuting witness, and at the same time alleged it to be the property of another person: *Held,* a sufficient charge of a special property in the prosecuting witness.

INSTRUCTIONS NOT APPLICABLE TO CASE. It is no error to refuse an instruction which is correct abstractly considered, when it is not applicable to the circumstances of the case.

APPEAL from the District Court of the First Judicial District, Storey County.

*R. H. Taylor,* for Appellant.

*E. W. Hillyer,* for Respondent.

By the Court, LEWIS, C. J.:

The defendant was indicted in the District Court of the First

Judicial District for robbery; convicted by the jury, and sentenced by the Court to imprisonment for the term of five years. The case is brought to this Court upon a bill of exceptions—the errors complained of being:

1st. The admission in evidence of the statement of the prosecuting witness with regard to the robbery, made a few minutes after it occured.

2d. The indictment is defective in this: whilst it charges that the money was taken from the person and against the will of Ah Loi, it is shown that it was the property of one Frank, who it appears from the evidence was her husband.

3d. The Court misdirected the jury.

The position taken by counsel for the prisoner upon the first assignment is clearly not maintainable upon the authorities. The statement made by the prosecuting witness, that she had been robbed—a very few moments after the crime was committed, and whilst she was still weeping because of the loss of the money taken from her—was undoubtedly admissible as a part of the *res gestœ*, and confirmatory of the evidence given by her. In the case of the *Commonwealth* v. *M. Pike*, (3 Cush. 181) the Supreme Court of Massachusetts ruled, that the statement made by a person who had received a mortal wound a few minutes before, as to the cause and manner of the injury, was admissible as being in the nature of the *res gestœ;* Dewey, J. saying, in delivering the opinion, "that the period of time at which these acts and statements took place was so recent after the receiving of the injury as to justify the admission of the evidence as a part of the *res gestœ*. In the admission of testimony of this character much must be left to the sound discretion of the presiding Judge. So where a man was killed in consequence of having been run over by a cabriolet it was held, on an indictment against the driver for manslaughter, that what the man said immediately after receiving the injury was admissible in evidence. (6 C. & P. 325.) To make declarations a part of the *res gestœ*, it is true, it is said they must be contemporaneous with the main fact; but in order to be contemporaneous they are not required to be precisely concurrent in point of time. If the declarations spring out of the transaction—if they elucidate

it—if they are voluntary and spontaneous—and if they are made at a time so near to it as reasonably to preclude the idea of deliberate design—they may be regarded as contemporaneous. (6 C. & P. 325. See also, Mitchum v. *The State,* 11 Ga. 615; Corwin & Hill's Notes to Phillips' Evidence, Note 432.) Undoubtedly such statements should be received with great caution, and only when they are made so recently after the injury is received, and under such circumstances as to place it beyond all doubt that they are not made from design or for the purpose of manufacturing evidence. Hence, from the very nature of the thing, very much must be left to the discretion of the presiding Judge. Here the statement was made immediately after the robbery, and under circumstances which made it eminently proper to admit it. Supported as this ruling by the Court below is by the general current of decisions, it must be sustained.

Upon the second assignment also, our investigations have conducted us to a conclusion adverse to the prisoner. Robbing is by our statutes defined to be the "felonious and violent taking of money, goods, or other valuable thing, from the person of another by force, or intimidation." Such also is substantially the common law definition of the crime. But it is argued for the prisoner, that to constitute this offense the property must be taken from the possession of the real owner; hence, it is contended, this indictment is defective, as it is charged the money was taken from the person and possession of Ah Loi, who it is shown was not the owner. It will be observed, that the gist of this crime is the violent taking of property from the person of another, against his will and by means of intimidation. It would not, therefore, appear to be essential that the person robbed be the absolute owner of the property taken. If it appear that it was not the property of the prisoner, it ought under the definition of the crime to be sufficient. If the person robbed have a general or special property in, or a right to the possession of, the goods taken, it is sufficient: otherwise the statute would be defeated; and there would be no robbery, except when property is taken from the person, or the immediate presence of the absolute owner. Such is fortunately not the law. Robbery may be committed by the taking of property from the person of

one who has nothing but a special right in it, as well as from the general owner. Here it is charged, that the money was taken from the person and possession of the prosecuting witness; this, with the further allegation that it was the property of Frank, is a sufficient charge of a special property in Ah Loi.

This precise question came before the Supreme Court of California in the case of *The People* v. *Shuler,* (28 Cal. 490). And an indictment was held sufficient which charged the felonious taking of money belonging to Whiting from the person of the prosecutor Wyckoff, the Court saying: "It is not necessary that the property should belong to the party from whose person it was feloniously taken." This indictment was sufficient.

The instruction that "when one witness only swears to facts tending to show the guilt of the defendant, and another witness alone swears to facts fully rebutting the testimony for the prosecution, and both witnesses are of equal credibility, the jury should find a verdict of not guilty," which counsel for the prisoner asked to be given to the jury, was properly refused, for the reason that it was not applicable to the circumstances of the case; the prosecuting witness being corroborated to some extent by the other witnesses— hence, even if the instruction were abstractly correct, it was properly rejected in this case.