# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF NEVADA.

## OCTOBER TERM, 1872.

## THE STATE OF NEVADA, Respondent, v. MOLLIE FORSHA, Appellant.

CRIMINAL LAW—CHARGE NOT PART OF RECORD. A charge given by the court of its own motion in a criminal case is not a part of the record, and can only be brought up on appeal by bill of exceptions.

CRIMINAL PRACTICE ACT, SECS. 426 AND 450. Sections 426 and 450 of the Criminal Practice Act, providing that written charges presented or asked form part of the record, do not apply to a charge given by the court of its own motion—such charge not being presented or asked.

PRESUMPTION IN FAVOR OF INSTRUCTIONS, WHERE EVIDENCE NOT APPEALED. Where the evidence in a criminal case is not taken up on appeal, an instruction will be presumed to have been warranted by and applicable to the proofs, unless appellant shows that it could not under any state of proof have been correct.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The defendant was indicted for the murder of Thomas Kelly at Reno in Washoe County on December 10, 1871. She was tried in January, 1872, and convicted of murder in the second degree, and was afterwards sentenced to the State prison for the term of twenty-seven years. She appealed from the judgment and orders refusing motions for

10

new trial and in arrest of judgment.   The transcript on appeal embraced the written charge of the court below and the instructions asked and given, but contained no bill of exceptions or statement.

*W. E. F. Deal*, for Appellant.

I.   The instructions must be considered as the instructions of the court.   Even though asked by defendant's attorneys, if any error appear in them appellant should have a new trial, as error committed by her attorneys in drawing the instructions are as fatal to her as if committed by the court.   If a court gives an erroneous instruction asked by defendant, such instruction becomes a part of the court's charge to the jury; and if the error is against defendant she should not be prejudiced.

II.   The facts supposed by the instructions are that the deceased was a mere waiter, cook or servant in a public eating-house; that defendant entered the eating-house as a guest; that she was ejected by force by deceased; that a conflict between defendant and deceased ensued; that deceased was the assailant; that the assault was made under circumstances calculated to excite the fears of a reasonable person; that defendant was in danger of receiving a serious bodily harm, and that she struck under the influence of those fears and not in a spirit of revenge.

Appellant claims that, under such a case as that supposed by the instruction as asked by her, the killing was a justifiable homicide; but the court inserted that in order to acquit her it was necessary that she should have endeavored to decline any further struggle—that is, that although deceased was the assailant and although defendant was in imminent peril of receiving some great bodily harm, she should have first retreated to the wall before she struck a blow in self-defense.   The charge as given was calculated to mislead and confuse the jury.   See *State* v. *McGinnis*, 5 Nev. 339; *People* v. *Hobson*, 17 Cal. 430.

*L. A. Buckner*, Attorney General, for Respondent.

By the Court, LEWIS C. J.:

There is no bill of exceptions in this case; but it is claimed that any error committed in the instructions and charge given to the jury may be reviewed without it, and such are the only errors complained of in this court.

But the charge given by the court of its own motion is not made a part of the record, and therefore can only be brought to this court by means of a bill of exceptions. Sections 426 and 450 of the Criminal Practice Act have reference only to instructions asked by the respective parties and not to the charge of the court, as the language clearly shows; the first declaring that "when any written charge has been presented and given or refused, the question or questions presented in such charge need not be excepted to nor embodied in a bill of exceptions, but the written charge itself with the endorsement showing the action of the court, shall form part of the record; and any error in the decision of the court thereon may be taken advantage of on appeal in like manner as if presented in a bill of exceptions;" the latter section, which declares what shall constitute the record of the action, mentions the " written charge *asked* of the court if there be any." These sections clearly show that only such instructions as are asked of the court by the parties are to be considered a part of the record, and the charge given by the court of its own motion is not included and can only be brought up by bill of exceptions. So too it is held in California upon an identical statute. *People* v. *Hart*, October Term, A. D. 1872.

It is claimed, however, that the instructions asked by the defendant and given by the court are erroneous, and therefore that the verdict and judgment should be reversed for that reason. If it be admitted that a defendant can ask an erroneous instruction to be given and afterwards take advantage of the error, still it will not avail the defendant in this case; for it is not shown with sufficient certainty that the instructions complained of were improperly given. Those complained of read thus: " 1st. If the jury believe from

the evidence that the defendant as a reasonable person be-
lieved that she was in danger of receiving then and there
serious bodily harm from the said Kelley, and struck the
alleged fatal blow under the influence of such fears, and not
in a spirit of revenge, and that the defendant had really and
in good faith endeavored to decline any further struggle,
then the killing was justifiable. 2d. If the jury believe
from the evidence that the said Kelley was a mere waiter,
cook, or servant, and nothing more, in a public eating-house,
and the defendant entered said eating-house as a guest, and
was forcibly ejected by said Kelley; that a conflict ensued
between the said Kelley and the defendant; that the said
Kelley assailed the defendant under circumstances calculated
to excite the fears of a reasonable person that she was in
danger of then and there receiving serious bodily harm and
had endeavored to decline any further struggle, and so struck
under the influence of those fears and not in a spirit of
revenge, then the homicide was justifiable and the defend-
ant must be acquitted."

As the evidence is not brought to this court, it is neces-
sary for the defendant to show that under no state of proof
whatever could these instructions be correct; otherwise we
must presume that they were warranted by and applicable
to the proofs. Surely it can not be claimed that the first in-
struction quoted could not be correct under any state of
proof. The complaint is that it made it necessary for the
defendant to have declined any further struggle before the
mortal blow was given. But the proof may have warranted
such an instruction; for if the defendant provoked the quar-
rel or there was a mutual combat between the parties, the
killing on the part of the defendant in such case could only
be justified by showing that she endeavored to decline any
further struggle before she took the life of her antagonist.
Statutes of 1861, 60, Sec. 27. For aught that we know,
then, this instruction was called for by the proofs, and if so
was properly given.

The same objection is urged against the second instruc-
tion as the first; and the answer is the same, that under

some character of proof it would be correct. The deceased Kelley, although he may have been a mere waiter or servant, might have been authorized and justified in ejecting the defendant from the eating-house; he may have been empowered to do so by the proprietor, and the circumstances may have been such as to fully justify his action. In doing his duty in this respect, a struggle may have ensued in which the deceased was killed. If such were the state of proof, then before giving the mortal blow it was incumbent on the defendant to endeavor to decline any further struggle. Whether the evidence warranted the instruction or not we are not able to determine, as it is not before us.

The verdict and judgment must be affirmed. It is so ordered.