## THE STATE OF NEVADA, Respondent, v. THOMAS L. BURNS, Appellant.

WHAT INSTRUCTIONS IN CRIMINAL CASES MUST BE EXCEPTED TO. Sections 386 and 387 of the Criminal Practice Act refer to two distinct classes of instructions; the former to those given by the court on its own motion; the latter to those asked by either party; and it is the latter only which are made by sections 426 and 450 a part of the record and deemed excepted to.

COURT MAY INSTRUCT JURY IN CRIMINAL CASE ON ITS OWN MOTION. On the trial of a criminal case the court has authority to charge the jury on its own motion.

COURT'S OWN CHARGE IN CRIMINAL CASE NOT DEEMED EXCEPTED TO. The charge given by a court on its own motion in a criminal case cannot be considered on appeal, unless it be properly carried up by bill of exceptions.

MISNOMER OF ACCUSED PERSON IN INDICTMENT. A defendant in a criminal case should be indicted by his true name when known; but if unknown, he may be indicted by any name that is sufficient to identify him; and when arraigned, if he do not give his true name upon request, he cannot complain of being tried by the name specified in the indictment or the name given upon arraignment, though subsequently proved to be not the true name.

WHEN ACCUSED CANNOT COMPLAIN OF WRONG NAME. Where a person was indicted by the name of Thomas Burns, and on arraignment gave his name as Thomas L. Burns, but after conviction moved for a new trial on the ground, supported by affidavit, that at the time of his arraignment he was ignorant he was improperly named in the indictment and that his true name was Thomas L. Byrne: *Held*, that he was sufficiently identified and had no good ground of complaint.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

Defendant was indicted for an assault with intent to commit murder by shooting at Francis M. Wilder on February 19, 1873. Having been convicted as charged, and his motion for a new trial having been overruled, he was sentenced to imprisonment in the State prison for the term of seven years.

The facts bearing upon the points decided are stated in the opinion.

*F. W. W. Davies*, for Appellant.

I.   The defendant was indicted under the name of Thomas Burns, was tried under the name of Thomas L. Burns which he improperly answered was his true name upon his arraignment, and was sentenced as Thomas L. Burns after he had made affidavit on motion for new trial that his true name was Thomas L. Byrne and that when he answered on arraignment as to his true name he believed he was properly named in the indictment. We are aware that the general rule is that cases of misnomer must be taken advantage of by plea in abatement on arraignment; but as the defendant was not advised of the misnomer until after the trial, when the papers were examined for the purpose of moving for a new trial, the rule ought not to prevail in this case. And when the matter was brought to the attention of the court, it was error to sentence Thomas L. Byrne, when Thomas L. Burns had been indicted and tried—Byrne and Burns not being *idem sonans*. *Donnel* v. *U. S.* 1 Morris, 141; 10 East. 296; Kelyny Rep. 11.

II.   The court erred in giving any instructions or charge to the jury, not having been requested so to do by either party. It is true the statute says the judge " may state the testimony and declare the law," but we take that as a limitation of his powers when he is requested to charge the jury by either party. Suppose the judge is requested by either or both parties to charge the jury, the extent of his power to charge them is to state the testimony and declare the law, and we believe that power is only legally exercised on request of one or both parties. Criminal Prac. Act, Sec. 355.

State *v.* Burns.

III.   Admitting that the court has the right to give a written charge to the jury without being requested so to do by either party, there certainly can be no good reason why such a charge should not be deemed excepted to and subject to review by the appellate court, the same as though it had been given by request.   A charge given by the court of its own motion is presumed to be impartial and dispassionate; is and ought to be held in higher regard than any charge artfully drawn by attorneys, and ought to and does have more weight with a jury than any charge coming from an interested party.   If a charge given by request is deemed excepted to and is subject to review as part of the record without a formal bill of exceptions, much more ought the same rule apply when the charge is given without request.   There is no good reason why a distinction should be made between charges given by request or without request, as regards being deemed excepted to; and as in Sec. 426 Crim. Pr. Act, only written charges which have been presented, or given and refused, are deemed excepted to, we are strongly supported in our position that the court has no right to charge the jury of its own motion and that a charge given by request is the only charge authorized by law.   We claim that we are further supported in this view by section 450 of the same act, which provides what papers shall constitute the record.   In that section we find that the written charges *asked* of the court are made part of the record.   If it was contemplated that the court could instruct the jury in a criminal action without being requested, why was so important a paper not made a part of the record?   It could only have been excluded on the ground that the district judges were considered infallible, and that it would be useless to seek for error in a charge given by the court of its own motion.

IV.   The principal grounds upon which defendant relied on his motion for a new trial being the errors in the instructions, we submit that the review of the instructions is indispensably necessary to enable this court to pass upon the question as to whether there was error in refusing defend-

ant's motion.  We therefore submit that the instructions are properly before this court, and we trust that they may be reviewed, believing that they are pregnant with error.

*Wm. Patterson*, for Respondent.

I.  There is nothing for the court to look at or to decide in this case except as to the judgment.  No exception was taken by appellant to the instructions given by the court; no bill containing any exceptions was settled or signed, nor does the transcript contain any evidence.  Stat. 1861, 480, Secs. 421, 422, 423 and 424.

II.  There is no provision of statute prohibiting the judge from instructing the jury whether requested by the parties or not.  The presumption of law is, nothing to the contrary being shown, that the judge did his duty in instructing the jury.  It is the duty of the judge to instruct the jury.

III.  The defendant gave his name as Thomas L. Burns, he was tried and convicted under that name, and it makes no difference whether that is his name, or whether his name is John Smith.  Stats. 1861, 464, Secs. 270, 271 and 272.

By the Court, HAWLEY, J.:

Appellant appeals from an order of the district court denying his motion for a new trial, and from the judgment. The record is presented without any bill of exceptions; and we are asked to review the charge of the court to the jury, provided we entertain the opinion that the court had authority to charge the jury of its own motion, a power which appellant's counsel denies.

In the *State* v. *Forsha*, *ante* 137, it was held, " that only such instructions as are asked of the court by the parties are to be considered a part of the record," and that " the charge given by the court of its own motion  *  *  *  can only be brought up by bill of exceptions." Sections 426 and 450 of the Criminal Practice Act and *People* v. *Hart*, Cal. Sup. Court, Oct. term, 1872, are cited in support of the

decision.   We think this decision is undoubtedly correct.
Section 386 of the Criminal Practice Act provides that
" In charging the jury the court shall state to them all such
matters of law as it shall think necessary for their informa-
tion in giving their verdict." Section 387 provides that
" Either party may present to the court any written charge
and request that it may be given.   If the court think it cor-
rect and pertinent, it shall be given; if not, it shall be re-
fused."

These sections refer distinctly to two different classes of
instructions: first, to those given by the court of its own
motion; second, to those asked of the court by either party.
By section 426, it is provided that " When any written
charge has been presented and given or refused, the ques-
tion or questions presented in such charge need not be ex-
cepted to nor embodied in a bill of exceptions; but the
written charge itself, with the indorsement showing the
action of the court, shall form part of the record; and any
error in the decision of the court thereon may be taken ad-
vantage of on appeal in like manner as if presented in a bill
of exceptions." Section 450 designates what shall consti-
tute the record in a criminal action, and in the seventh sub-
division specifies " the written charges asked of the court,
if there be any." We have cited these various sections at
length, in order to call the especial attention of the profes-
sion to the rule of practice therein prescribed.

We are satisfied, first, that the court has authority to
charge the jury of its own motion; second, that such charge
can only be considered by this court when properly embod-
ied in a bill of exceptions.   The statute will not admit of
any other construction.

The argument of counsel that there exists no good reason
why any distinction should be made between charges given
by request of either party and the charge given by the court
of its own motion, might with propriety be addressed to the
legislature in support of an amendment to the law, so as to
avoid this distinction.   Our province, however, is to decide
what the law *is*, not what it *ought to be*.

State v. Burns.

Appellant next claims a new trial upon the ground that he was not indicted by his proper name. The record shows that he was indicted by the name of Thomas Burns; that upon arraignment he stated his true name to be Thomas L. Burns. After verdict he filed an affidavit stating that at the time of his arraignment he was ignorant of the fact "that he was improperly named in the indictment" and averring his true name to be Thomas L. Byrne. Appellant cannot contend that he is not sufficiently identified. In the minutes of the judgment the court refers to him as follows : " Thomas L. Burns.*alias* Thomas L. Byrne, as you now state your name to be." Again, after referring to the indictment, the court says to appellant: "To this indictment you pleaded not guilty and at the time suggested that your true name was Thomas L. Burns without taking any exception to the orthography of your surname as it appears in the indictment."

Unquestionably, a defendant in a criminal action should be indicted by his true name when known. But if unknown, he may be indicted by any name that is sufficient to identify him. When arraigned he should give his true name; and if he fails to do so upon request, he cannot afterwards complain because the court proceeded to try him by the name specified in the indictment (or the name given upon arraignment) although subsequently proved to be not his true name. Criminal Practice Act, Secs. 270, 271, 272; *People* v. *Kelley*, 6 Cal. 213; *People* v. *Jim Ti*, 32 Cal. 64; *State* v. *White*, 32 Iowa, 19.

There is no error in the record. The judgment of the district court is affirmed.