[No. 791.]

# THE STATE OF NEVADA, RESPONDENT, v. J. W. ROVER, APPELLANT.

PRESUMPTIONS IN FAVOR OF THE RULINGS OF THE COURT.—Where the court overruled the objections made by defendant to the admission of certain evidence, and there was nothing in the record to show whether the evidence was relevant or material: *Held*, that the presumption is that the evidence was properly admitted.

INSTRUCTIONS OF THE COURT—BILL OF EXCEPTIONS.—Instructions given by the court of its own motion will not be considered unless embodied in a bill of exceptions.

REASONABLE DOUBT.—Where the court, in defining reasonable doubt, gave this instruction: "By reasonable doubt is ordinarily meant such a one as would govern or control you in your business transactions or usual pursuits of life:" *Held*, erroneous. (*State* v. *Millain*, 3 Nev. 481. Overruled.)

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts sufficiently appear in the opinion.

*T. W. W. Davies*, for Appellant.

I. The court erred in allowing the written statement to be admitted in evidence, and in allowing the certificate to be supplied, and especially is this true when the objections to its admission existed as are disclosed by the minutes of the court contained in the transcript. (Art. VI, Amend'ts Const. U. S.)

II. The instructions of the court asked by the plaintiff concerning *murder* and *reasonable doubt* are ambiguous and unintelligible, and were calculated to confuse and mislead the jury.

*M. S. Bonnifield*, also for Appellant.

*J. R. Kittrell, Attorney-General*, for Respondent.

By the Court, HAWLEY, C. J.:

The appellant was convicted of murder in the first degree. He appeals from the judgment.

There is no bill of exceptions. The transcript contains

the indictment, minutes of the trial, instructions which were asked by the prosecution and defense and given by the court, the instructions given by the court of its own motion, the judgment and the notice of appeal. The objection urged to the ruling of the court in allowing the written statement of the defendant as made before the justice of the peace cannot be considered. It is not included in the record and there is no evidence before us to show whether it was relevant or material. The presumption, therefore, is that it was properly admitted. The instructions given by the court of its own motion cannot be considered because not embodied in a bill of exceptions. (*State* v. *Forsha*, 8 Nev. 137; *State* v. *Burns*, 8 Nev. 251.) In short there is nothing properly presented for our consideration except the indictment and the instructions which were asked by the prosecution and given by the court. If the instructions would be correct in any conceivable state of the case they must be sustained. (*State* v. *Forsha*, 8 Nev. 140; *State* v. *Pierce*, 8 Id. 302; *State* v. *Keith*, 9 Id. 17.)

No objection is made to the indictment. The instructions of the court, asked by the prosecution, relative to murder and circumstantial evidence, are not erroneous. The objection urged against the instruction concerning "reasonable doubt" is, as made by counsel for appellant, that it is ambiguous and unintelligible, and was calculated to confuse and mislead the jury. It reads as follows: "Reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge. Reasonable doubt is not mere possible doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation. *By reasonable doubt is ordinarily meant such a one as would govern or control you in your business transactions or usual pursuits of life.*" Leaving out the sentence in italics, the instruction would, beyond all question, be correct. The first sentence is copied from *The Commonwealth* v. *Webster* (5 Cush. 320), and has been repeatedly followed and approved. The

second and third sentences likewise contain correct principles of law that have been often affirmed. The last sentence, however, qualifies all that precedes it, and we are called upon to determine whether it properly defines reasonable doubt. It is copied *verbatim* from the instruction in *The State* v. *Millain* (3 Nev. 451), wherein the court cursorily disposed of the whole question by a reference to only one decided case, and held that this definition of a reasonable doubt was not erroneous. It is apparent that the point at issue received but little consideration.

The rule of law upon this subject is thus laid down by Mr. Greenleaf: "By satisfactory evidence, which is sometimes called sufficient evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind, beyond reasonable doubt. The circumstances which will amount to this degree of proof can never be previously defined; the only legal test of which they are susceptible is their sufficiency to satisfy the mind and conscience of a common man, and so to convince him that he would venture to act upon that conviction, in matters of the highest concern and importance to his own interest." (1 Greenl. Ev., sec. 2.) And by Mr. Starkie as follows: "What circumstances will amount to proof can never be matter of general definition; the legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury. On the one hand, absolute, metaphysical and demonstrative certainty is not essential to proof by circumstances. It is sufficient if they produce moral certainty to the exclusion of every reasonable doubt. * * * On the other hand, a juror ought not to condemn, unless the evidence exclude from his mind all reasonable doubt as to the guilt of the accused, and, as has been well observed, unless he be so convinced by the evidence that he would venture to act upon that conviction in matters of the highest concern and importance to his own interest." (Starkie Ev., 865.) This rule has been recognized by several authors on evidence and criminal law as correct. (Wills on Circumstantial Ev., 210, 211; Bish. Cr. Pro., vol. 1, sec. 1052; Wharton's Homicide, sec. 646.)

In Iowa, in a case where the defendants were indicted

and tried for murder, the supreme court sustained an instruction that "if the whole evidence taken together, produced such a conviction on the minds of the jury, of the guilt of the prisoner, as they would act upon in a matter of the highest importance to themselves, in a like case, it was their duty to convict." (*The State* v. *Nash and Redout,* 7 Iowa, 385; *State* v. *Ostrander,* 18 Id. 458.)

In Indiana, upon a prosecution for assault and battery, the supreme court say that, "A reasonable doubt exists, when the evidence is not sufficient to satisfy the judgment of the truth of the proposition, with such certainty that a prudent man would feel safe in acting upon it in his own important affairs." (*Arnold* v. *The State,* 23 Ind. 170.)

In Missouri, where the defendant was tried and convicted of rape, the court, with great reluctance, sustained an instruction which stated, among other things, that "the jury are at liberty to act upon that degree of assurance such as prudent men properly act upon in the more important concerns of life." (*State* v. *Crawford,* 34 Mo. 201.) The court say, that this part of the instruction was calculated to mislead the jurors and authorize them to act, in finding their verdict, in respect to which there was no presumption in favor of either side of the question; but, upon considering it with the other portions of the instruction with which it was connected, came to the conclusion that such a construction could not have been adopted by the jury.

In California, in a criminal case where the defendant was convicted of grand larceny, the supreme court, in commenting upon an instruction which had been given, said: "It is not, perhaps, the best definition of a reasonable doubt to say that it is 'such a state of mind as would influence a reasonable man to one cause of action in preference to another in the important affairs of life.' The definition given by Mr. Chief Justice Shaw, is better." (*People* v. *Ash,* 44 Cal. 289.) As no point was made by counsel upon the instruction, the court did not notice it further, but reversed the judgment on other grounds.

In Minnesota, in a case of conviction of an assault with intent to do great bodily harm, the court reversed the judg-

ment upon the ground of error in an instruction which charged the jury: "That in order to convict, the jury must be satisfied, beyond a reasonable doubt. That this does not require unreasonable or impracticable things at the hands of the prosecution, nor absolute certainty; but the jury should be satisfied as reasonable men, so that they would be willing to act upon it as in matters of great importance to themselves." The court, in rendering its opinion, quote with approval, the rule laid down by Greenleaf, as applicable to all criminal cases, and in commenting upon the language of the instruction, say: "The limitations of the charge are substantially that unreasonable and impracticable things are not required of the prosecution, nor need the proof amount to absolute certainty; on the other hand, it must not be a mere preponderance of evidence. But within these limits any degree of proof upon which as reasonable men they would act in matters of great importance to themselves would be sufficient. Men may, and do, act in matters of great importance to themselves upon strong probabilities, and without that degree of proof which convinces the mind and conscience. But it would be unreasonable for men, in matters of the highest concern and importance to them, to act without a conviction of the truth of the evidence and correctness of the result upon which they base their action. Under this charge the preponderance of proof might be so great as to produce a strong probability of the defendant's guilt—such a probability as men would act upon in matters of great importance, and yet not convince the minds and consciences of the jury beyond a reasonable doubt of the guilt of the defendant." (*State* v. *Dineen*, 10 Min. 416–7.) This decision was approved and followed in *The State* v. *Shettleworth* (18 Min. 208).

The supreme court of Texas reversed the judgment in a criminal case for error in an instruction which, after stating that defendant was entitled to the benefit of all reasonable doubt, said: "The doubt must not be a mere possible doubt, but it must be a doubt sustained by the evidence, upon a review of all the facts and circumstances of the case,

such as a reasonable man would act upon in 'any of the important concerns of life." (*Bray* v. *State*, 41 Tex. 561.)

In Kentucky, in a case where the defendant was indicted for murder, the supreme court reversed the judgment for error in the concluding portion of an instruction, "that if the conclusion, from the facts and circumstances so proven to their satisfaction be, that there is that degree of certainty in the case that they would act on it in their own grave and important concerns, that that is the degree of certainty which the law requires, and which will justify and warrant them in returning a verdict of guilty." (*Jane, a slave*, v. *Commonwealth*, 2 Met., Ky., 33.) This is the opinion referred to in the *State* v. *Millain*.

In North Carolina the court held that it was error to charge the jury that "to exclude rational doubt, the evidence should be such as that men of fair ordinary capacity would act upon it in matters of high importance to themselves." (*State* v. *Oscar, a slave*, 7 Jones's Law, 305.)

From this review of the authorities it will readily be seen that the language used by Greenleaf and Starkie has generally met with the approval of the courts, and is a safe rule to follow. But wherever there has been a departure from it, however slight, in such a manner as to weaken the amount of proof required as to bring it within a less degree of certainty, the instructions have either been questioned or declared erroneous. With the single exception of the *State* v. *Millain*, we have found no authority to support the instruction. If this instruction should be sustained, and the opinion in the *State* v. *Millain*, upheld, the distinction between a civil and a criminal case, as to the amount of proof required, would be entirely overthrown. The jurors are not, by this instruction, required to have their minds and consciences so satisfied as to convince them that they would venture to act upon such conviction in matters of the highest concern and importance to their own interest, but they are told that all that is required by a reasonable doubt is such a doubt as would govern or control them in their "business transactions or usual pursuits of life." What does this mean? Ordinarily men act in the usual business

pursuits of life without considering that their acts involve any question of the life or liberty of an individual. If, for instance, a man is considering whether or not to engage in any particular business, he is usually willing to make the venture if the probabilities of success are greater than the probabilities of a failure. If the information which he obtains is in favor of the venture, he proceeds to act, although not fully convinced that it will prove a success. To ascertain the truth of any given proposition, with reference to the ordinary and usual business transactions of life men are governed and controlled, as juries are in deciding civil cases, by a preponderance of evidence. Men frequently act in their "business transactions or usual pursuits of life" without any firm or settled conviction that the conclusion upon which they act is correct. In these transactions men usually obtain such information as is within their reach, and after deliberating upon the same they form a conclusion upon which they are willing to act without being fully convinced of its correctness. But if it was a matter of the highest concern and importance to their own interests they would not, or at least ought not, venture to act unless convinced to a moral certainty of the truth of the proposition upon which they are called upon to act. The preponderance or weight of testimony upon which men ordinarily would be willing to act in their business transactions, or in the usual pursuits of life, is not the rule that should govern jurors in deciding questions that involve the life or liberty of an individual. In such cases the law requires a much greater degree of certainty. "A distinction," says Greenleaf, "is to be noted between civil and criminal cases, in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases, their duty is to weigh the evidence carefully, and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt. But in criminal trials the party accused is entitled to the benefit of the legal presumption in favor of innocence, which in doubtful cases is always sufficient to turn the scale in his favor. It is, therefore, a

rule of criminal law that the guilt of the accused must be fully proved." (3 Green. Ev., sec. 29.) This principle has been recognized by the legislators and jurists of almost every age and country, and is now the law of every wise and civilized nation. The instruction violates this principle.

The opinion in the *State* v. *Millain*, which evidently induced the attorney to ask, and compelled the court to give, the instruction in the present case, is, in our judgment radically wrong. It will not stand the test of reason, is not supported by the authorities, and is hereby overruled.

The judgment of the district court is reversed, and the cause remanded for a new trial.