THE STATE OF NEVADA, Respondent, *v.* GEORGE LAMBERT, Appellant.

Pendency of Another Indictment not Matter in Abatement. The pendency of another indictment has never been held to constitute matter in abatement.

Distinct Larcenies at Same Time and Place. The stealing of the property of different persons at the same time and place and by the same act, may be prosecuted at the pleasure of the government as one offense or as several distinct offenses.

FAILURE TO INDICT AT NEXT TERM. The object of the Criminal Practice Act
   in providing that a person held to answer shall be indicted at the next term
   of the court (Comp. Laws, Sec. 2206) is to protect the citizen from impris-
   onment upon insufficient cause ; but such provision has no bearing upon the
   validity of an indictment found at a subsequent term.

CORROBORATING TESTIMONY, WHAT. Testimony tending to connect accused
   with the offense charged, such as proof of the possession of the subject of
   a larceny, is sufficient to corroborate the direct testimony of an accomplice.

APPEAL from the District Court of the Seventh Judicial
District, Lincoln County.

The defendant was convicted of grand larceny and sen-
tenced to imprisonment at hard labor in the State prison for
the term of seven years. He appealed from the judgment
and an order overruling his motion for new trial.

The indictment under which the conviction took place was
found at the December term, 1873, of the district court,
and charged the larceny on April 13th, 1873, in Lincoln
County, of seven horses, the property of E. H. Pearson.
It appears that at the previous March term of the district
court an indictment had been found against him for the
larceny at the same time and place of two horses, the pro-
perty of R. O. Bridges. There was a trial under the first
indictment in October, 1873; but the jury disagreed; and
there was a similar disagreement at trials in November and
January, 1874, after which the court ordered the defendant
to be discharged from custody. Subsequently, but at the
same term, the present indictment was found; and the trial
and conviction took place in April, 1874.

*J. C. Foster*, for Appellant.

I. All the witnesses testified to facts which showed that
the taking of all the animals was but one crime. If this was
so, no second indictment could be found. The prosecution
is not permitted to indict by piecemeal. It might as well

be said that a defendant could be tried for petit larceny for each sheep when there had been a thousand taken at one time and place. The principle is the same as if two indictments were found for the same crime; if two, then why not a thousand? One can be done as well as the other.

II. No indictment could legally be found at the time the last indictment was found. Comp. Laws, Secs. 1851, 2206. The same evidence was before the grand jury at the March term as at the December term, when this indictment was presented; but the grand jury at the March term failed to find an indictment for these horses; and the case was not reserved for the further consideration of another grand jury. If no indictment at all had been found prior to the last one, none could have been found; the testimony having once been submitted. The grand jury had lost the legal power to indict.

III. There was no evidence to corroborate the testimony of Butler, and he was confessedly an accomplice. There was not a word corroborating his statement of the transaction; but on the contrary, he was contradicted by every witness for the defense.

*L. A. Buckner,* Attorney General, for Respondent.

By the Court, BELKNAP, J.:

The appellant was indicted at the December term, 1873, of the Seventh Judicial District Court, for the crime of grand larceny in stealing seven horses the property of one Pearson. At the trial the court refused to admit in evidence an indictment found against the appellant at the previous March term of the same court for the larceny of two other horses taken at the same time and place, the property of one Bridges. This is the first error assigned. A plea of former conviction or acquittal is a good plea in bar of another

indictment for the same offense; but the pendency of another indictment has never been held to constitute matter in abatement. *Commonwealth* v. *Drew*, 3 Cush. 279; *Commonwealth* v. *Murphy*, 11 Cush. 472; *Commonwealth* v. *Berry*, 5 Gray, 92; *Dutton* v. *The State*, 5 Ind. 533. It is unnecessary to the determination of this appeal to decide whether a plea of *autrefois acquit* or *convict* would have been a good plea in bar to either indictment in case judgment had been rendered upon the other. It would seem that the stealing of the property of different persons at the same time and place and by the same act may be prosecuted at the pleasure of the government as one offense or as several distinct offenses. *Commonwealth* v. *Sullivan*, 104 Mass. 552; *State* v. *Thurston*, 2 McMullan, 382.

The second assignment of error is that, a term of court having intervened between the March and December terms, the time in which to bring an indictment for stealing the property of Pearson had expired under Section 2206. (Comp. Laws.) This section reads: "When a person has been held to answer for a public offense, if an indictment be not found against him at the next term of the court at which he is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary be shown." The record does not show that the defendant was within the provisions of the statute, but, if he were, this fact would have no bearing upon the indictment. The object of this section is the protection of the citizen from imprisonment upon insufficient cause. A dismissal of the indictment would not have barred another prosecution for the same offense. Sec. 2211 (Comp. L.)

Lastly, it is objected that the testimony of Butler, an accomplice, is not corroborated. His testimony is corroborated by Finley, who saw defendant at the "Fifteen-mile House," driving horses from the locality of the larceny at the time testified to by Butler. At Indian Springs, fifteen

miles farther on the road, Parker saw defendant, and identifies some of the stolen horses at that time in his possession. St. Clair testifies that the defendant and Butler stopped in Cave Valley and sold some of the horses that were afterwards identified as stolen; and the arresting officer found the property at a ranch, known as that of the defendant. This testimony tends to connect the defendant with the offense, and this is all the statute requires. *State* v. *Chapman*, 6 Nev. 320; *People* v. *Melvane*, 39 Cal. 614.

The judgment and order refusing a new trial are affirmed.