[No. 2025]

## STATE OF NEVADA, Respondent, *v.* FRANKLIN WILLIAMS, Appellant.

1. GRAND JURY—GRAND JURORS—QUALIFICATION—OPINION.
    Section 7005, Rev. Laws, provides that a grand juror may be
    disqualified when a state of mind exists on his part with refer-
    ence to the case, or to either party, which will prevent him
    from acting without prejudice to the rights of the challenging
    party, but that no person is disqualified as a grand juror by
    reason of having formed or expressed an opinion on the matter
    submitted, founded on public rumor, statements in the public
    journals, or common notoriety, provided that it appears by his
    oath or otherwise that he will, notwithstanding such opinion,
    act impartially on the matters submitted to him.  *Held*, that
    a grand juror, who had formed a belief or opinion from
    statements made to him that defendants were keeping a
    gambling place, was not disqualified where he further testified
    that his opinion was not such as would justify him in making
    a charge against accused.

2. CRIMINAL LAW—ACCOMPLICES—CORROBORATION.
    In a prosecution for permitting unlawful gambling in the
    defendant's place of business, evidence that other unlawful
    games were played there, and that the game in question, as
    testified to by the participants and other witnesses, was car-
    ried on with the door locked and attended by defendant's
    brother, furnished sufficient corroboration of the testimony of
    accomplices required by section 7180, Rev. Laws, to sustain a
    conviction.

3. CRIMINAL LAW — TRIAL — MISCONDUCT OF ATTORNEY — DEFEND-
    ANT'S FAILURE TO TESTIFY—REFERENCE.
    In a prosecution for permitting gambling on defendant's
    premises, a statement by the district attorney in argument,
    "Why didn't the defendant call any witnesses to the stand?
    Why didn't he put his brother on the stand, his attendant?
    *  *  *  I will tell you why; he didn't dare do it," was not
    objectionable as a reference to defendant's failure to testify
    in his own behalf.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker,* Judge.

Franklin Williams, indicted under the name of F. M. Williams, was convicted of permitting unlawful gambling in his place of business, and he appeals.   **Affirmed.**

The facts sufficiently appear in the opinion.

*Salter & Robins,* for Appellant:

The court should have set aside the indictment, as grand juror R. Battels was disqualified, as shown by his own testimony. (Rev. Laws, 7005; *People* v. *Landis,* 73 Pac. 153.)

The only testimony showing, or tending to show, that any poker game or any gambling game was being permitted, if at all, on the day alleged in the indictment was that of witness Diehl and witness Biggins.   If their testimony is true, each of them was an accomplice.   Their testimony is uncorroborated, and defendant's instruction No. 2, which had reference to the law requiring such testimony to be corroborated, should have been given by the court.   Its refusal was error.   (*People* v. *Coffey,* 119 Pac. 90; *State* v. *Bass,* 127 S. W. 1020; *State* v. *Umble,* 22 S.W. 378; *State* v. *Davidson,* 33 Ala. 350; *State* v. *Rasor,* 121 S. W. 512; *State* v. *Light,* 17 Or. 358, 21 Pac. 132.)

Each of the said witnesses aided and abetted and encouraged the commission of the alleged offense, and without their aid and encouragement no offense could have been committed, if any was committed.   They are accessories and accomplices.   (*State* v. *Jones,* 7 Nev. 408.)

In his argument the district attorney commented unfavorably on the defendant's failure to produce his brother or any witness in his defense.   The court refused, after request of defendant, to instruct the jury to disregard these remarks.   They were unwarranted and prejudicial.   (Rev. Laws, 7456; *People* v. *Smith,* 53 Pac. 802; *People* v. *Quimby,* 92 Pac. 493; *People* v. *Blodgett,* 92 Pac. 820; *People* v. *Benc,* 62 Pac. 404.)

The comment of the district attorney in his closing argument in referring to the costs which would accrue to

the taxpayers, in the event they did not find a verdict of guilty in this case and the defendant were tried on another indictment which had been found against him, was prejudicial, unwarranted and not supported by the evidence, and did, in the nature of things, inflame the minds of the jury, especially so after objection and request of defendant that the court instruct the jury to disregard the remarks, which request was refused. (*State* v. *Rodriguez*, 31 Nev. 342; *People* v. *Quimby*, 92 Pac. 492; *State* v. *Chambers*, 75 Pac. 277; *State* v. *Humphrey*, 21 Tex. 666; *State* v. *Jenkins*, 49 Tex. App. 462.)

The verdict was contrary to the evidence because the alleged offense, if proven at all, was proven solely by the testimony of accomplices, whose testimony was uncorroborated. (Rev. Laws, 7005.)

*Cleveland H. Baker*, Attorney-General, and *J. A. Callahan*, District Attorney of Humboldt County, for Respondent:

The trial court committed no error in refusing the defendant's instruction No. 2, which bears on the question of accomplices. (12 Cyc. 445–446; *People* v. *Collum*, 54 Pac. 598; *State* v. *Durnam*, 73 Minn. 165, 75 N. W. 1127; *State* v. *Gordon*, 117 N. W. 483; *Queen* v. *Boyes*, 121 Eng. Rep. 730; *Rex* v. *Horgrave*, 24 Eng. Com. Law, 509; *State* v. *Wappenstein*, 121 Pac. 989; *State* v. *Duff*, 122 N. W. 829; *People* v. *Bright*, 96 N. E. 362; *People* v. *Chadwick*, 25 Pac. 737; *State* v. *Moxley*, 103 Pac. 665.)

The evidence of an accomplice must be corroborated only by such evidence as tends to connect the defendant with the commission of the offense. (*State* v. *Streeter*, 20 Nev. 403.)

The witnesses Biggins and Diehl were not accomplices of the defendant, and their testimony needed no corroboration. The rule for determining whether a witness is an accomplice where testimony needs corroboration is to determine whether or not he could have been indicted and convicted of the same crime. If he could not, then he

is not an accomplice. (12 Cyc. 445–466, and authorities cited.) There is cited against this doctrine, the case of *People* v. *Coffey,* 119 Pac. 901. In the case of *State* v. *Wappenstein, supra,* the Supreme Court of Washington, in a case involving the same kind of a crime as in *People* v. *Coffey,* adheres to the prevailing rule as to who are accomplices, and supports the decisions with a long list of cases cited. The crime prohibited by section 6519 of the Revised Laws is nearly the same as the common-law crime of keeping a common gaming house. (*State* v. *Wakeley,* 117 Pac. 93; *Green* v. *Commonwealth,* 6 Ky. Law Rep. 217; *Schwartz* v. *State,* 40 S. W. 976.)

It is perfectly competent and proper for counsel to comment on the absence of testimony which would be of special value upon the question at issue, and counsel certainly have the right to refer to such omission. (*State* v. *Yardi,* 30 Kan. 221, 2 Pac. 161; *State* v. *Mims,* 36 Or. 315, 61 Pac. 888; *People* v. *Young,* 36 Pac. 770, 102 Cal. 411; *Jackson* v. *State,* 31 Tex. Crim. Rep. 342, 20 S. W. 921; *Hall* v. *State,* 22 S. W. 141; *Mayes* v. *State,* 33 Tex. Crim. Rep. 33, 24 S. W. 421; *Commonwealth* v. *McCabe,* 163 Mass. 98, 39 N. E. 77; *Commonwealth* v. *Clark,* 14 Gray, 367; *State* v. *Mathews,* 98 Mo. 125, 10 S. W. 144; *State* v. *Emory,* 12 Mo. App. 593; *State* v. *Jones,* 77 N. C. 520; *U. S.* v. *Chandler,* 65 Fed. 308; *State* v. *Castner,* 127 N. C. 566, 37 S. E. 326, 80 Am. St. Rep. 809.)

There was no error in the district attorney referring, in his closing argument, to the cost which would accrue to the taxpayers in the event that it became necessary to prosecute the defendant on another indictment. The record shows that the remarks made by the district attorney in that respect were in reply to an argument made by the defendant's attorney, and were provoked by remarks of the defendant's counsel. (*Dollar* v. *State,* 99 Ala. 236, 13 South. 575; *Woodruff* v. *State,* 61 Ark. 157, 32 S. W. 102; *People* v. *Philbon,* 71 Pac. 650, 138 Cal. 539; *People* v. *Rush,* 10 Pac. 169, 68 Cal. 623; *People* v. *Smith,* 106 Mich. 431, 64 N. W. 200.)

*Per Curiam:·*

The defendant was indicted by the grand jury of Humboldt County for the crime of knowingly permitting unlawful gambling in his place of business in Winnemucca. From a judgment of conviction and an order denying a motion for a new trial, he has appealed.

[1] It is urged that the case ought to be reversed on different grounds, first of which is the one that a grand juror was disqualified. His frame of mind is illustrated by the following extract from the testimony which he gave upon the motion to set aside the indictment:

A. Well, I don't know as I have any belief. I don't know that a man could form an opinion unless they had some tangible evidence. It was rumored, and of course I had the impression, that they were gambling, but I had no belief of the gambling until the men were put under oath. You can hear a rumor, but you cannot form an opinion upon a mere rumor. I had heard it stated several times that they were gambling or conducting a gambling place, but I never had heard until I got into the grand jury room that they were gambling—that he was gambling there. When I went into the grand jury room I had no idea that the case was coming up.

Q. Then you had no opinion one way or the other? A. I don't think I did until after we heard the evidence.

Q. You had no opinion on the 31st of January, before you were sworn as a grand juror, as to whether this man had been gambling or was running a gambling place? A. I didn't have an opinion that I could come in and make any charge against him; I didn't have an opinion that I could have charged him with anything.

Q. I think I understand what you mean, but you will be fair with me, I know. Still you did have an opinion or belief about it—about this man—didn't you? A. Why, sure, I have had for some time, that there was something wrong there.

Q. And that belief or opinion, if it was such, was formed upon what you had heard? A. Yes, on rumors.

Q. And the persons who had informed you, you had no

reason to disbelieve, did you?   A. I couldn't recall any one, outside of that one evening, who spoke positively on the case.   He didn't say that he had seen anything; he simply said it was an open secret.

Q. After that you considered it was an open secret, didn't you?   A. I didn't pay any attention to it, Judge.

Q. You took it for what it was worth, and believed it, and let it go at that?   A. I just took it for what it was worth and let it go.   I would not want to injure Mr. Williams by saying that I had an opinion, or denying an opinion if I had one.   I don't believe—I couldn't say that I had an opinion.   I had the impression that there was gambling going on there, but I didn't trace it, and didn't try to trace it.   Likely there is very few men in the county that has not heard the same thing.

There is nothing in this or the other evidence to indicate that he had a fixed or settled opinion regarding the guilt or innocence of the defendant, and such a prejudice or state of mind as tended to disqualify him as a grand or trial juror.

The sixth subdivision of section 7005 of the Revised Laws provides that an individual juror may be challenged on the ground: "That a state of mind exists on his part in reference to the case, or to either party, which will prevent him from acting impartially and without prejudice to the substantial rights of the party challenging; but no person shall be disqualified as a grand juror by reason of having formed or having expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statements in public journals, or common notoriety; *provided,* it satisfactorily appears to the court upon his declaration, under oath, or otherwise, that he will, notwithstanding such an opinion, act impartially and fairly upon the matters to be submitted to him."

The fact that a man hears rumors or statements and forms impressions from them, as every intelligent person may be expected to do, is far from sufficient to disqualify under this statutory provision and our practice.

[2] It is also contended that the conviction cannot be sustained upon the uncorroborated evidence of witnesses who were allowed to play the unlawful game while the defendant was not one of the players. Section 7180 of the code provides that a conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which, in itself, tends to connect the defendant with the commission of the offense. On behalf of the state are cited cases tending to sustain the claim that the persons who actually play the game are not accomplices of the owner of the premises or the proprietor who permits the game to be played, and that a conviction can be sustained against him on the testimony of the player. As to whether, under that section, the witnesses who might be guilty of playing an unlawful game are accomplices of the proprietor who is guilty of the offense of allowing an unlawful game to be played on his premises, which may be considered a different crime, need not be determined, for we think there is sufficient corroborative evidence in the testimony of Lamb and Miller, witnesses who did not participate in the game.

The fact that other unlawful games, and that this game, as testified to by the participants and other witnesses, were carried on with the door locked and attended by the defendant's brother, although slight, may be sufficient to corroborate the evidence of an accomplice. The corroborating evidence here seems to be as strong as in the case of *State* v. *Streeter*, 20 Nev. 403, in which this court said that all the statute requires is that the circumstances should be such as to convince the jury and to make them believe that the accomplice had sworn truly, and that the charge was true, and, if the jury are satisfied with the weight of the corroborating circumstances, it is enough. (*State* v. *Lambert*, 9 Nev. 321.) This view also makes it unnecessary to determine regarding the objection to the instructions relating to accomplices. Evidence that the defendant permitted other unlawful games to be played on the premises was properly admitted to show his knowledge of, and consent to, the playing

of this particular game.    (*State* v. *McMahon*, 17 Nev. 375; *State* v. *Roberts*, 28 Nev. 375.)

[**3**] The district attorney, in his opening address to the jury, stated: "Why didn't the defendant call any witnesses to the stand? Why didn't he put his brother on the stand, his attendant? Why didn't he make a defense by calling witnesses to the stand, his brother, the attendant? I will tell you why; he didn't dare to do it." Counsel for the defendant, interrupting, said: "We desire at this time, so that the reporter may get it in the record, to state that the district attorney has commented on the failure of the defendant to take the stand in his own behalf, or to produce any witnesses on behalf of the defense, and we assign it as prejudicial error on his part, and ask the court to instruct the jury to disregard his remarks." The district attorney said: "I wish to deny that I made any allegation of that kind as to the defendant's failure to take the stand."

The state and federal constitutions provide that persons accused of crime shall not be compelled to testify against themselves, and the statute (section 7161) directs that "in all cases wherein the defendant in a criminal action declines to testify, the court shall specially instruct the jury that no inference of guilt is to be drawn against him for that cause."

It has been held error for a prosecuting attorney to argue to the jury that the defendant is guilty because he failed to testify. In this case the district attorney did not criticize or mention the failure of the defendant himself to testify, but his remarks appear to relate to his failure to put on the stand his brother, who apparently was in charge of the room where the game was played, or other witnesses. We think, under the circumstances, the language of the district attorney was not improper argument. Nor ordinarily are remarks of a prosecuting officer, provoked by or made in reply to statements of the attorney for the defendant, objectionable.

We conclude that the evidence is sufficient to sustain the conviction of the crime of knowingly permitting

unlawful gambling. As some of the points involved were in doubt until given consideration, and there was an honest difference of opinion regarding them entertained by opposing counsel, we issued a writ of probable cause and stayed the execution, under section 7294, pending the determination of this appeal.

The judgment and order of the district court are affirmed.