[No. 1365.]

## THE STATE OF NEVADA, APPELLANT, *v.* THOMAS MURPHY, RESPONDENT.

CRIMINAL LAW—APPEAL BY STATE—BILL OF EXCEPTIONS REQUIRED. —Where there is no statute directing what the record shall be upon an appeal by the state in a criminal case, the alleged errors must be presented by means of a bill of exceptions. If not so presented the appeal will be dismissed.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Storey county.

*Richard Rising*, District Judge.

The facts sufficiently appear in the opinion.

*J. D. Torreyson*, Attorney General, and *C. E. Mack*, District Attorney of Storey county, for Appellant.

(No brief on file.)

*William Woodburn*, for Respondent.

(No brief on file.)

By the Court, BIGELOW, J.:

Appeal by the state from an order overruling a demurrer to a plea of former conviction interposed by the defendant, and directing that the defendant be thereupon discharged from custody. The appeal is taken upon a record simply setting out what purports to be a copy of the indictment, the plea, the demurrer and the order of the court thereon. The defendant moves to dismiss the appeal upon the ground that there is no bill of exceptions or statement in the case. This, of course, is based upon the theory that without such bill of exceptions or statement there is nothing for this court to consider. Being of the opinion that this motion must be granted, we have not found it necessary to determine whether the case, as it now stands, is an appealable one.

There seems to be no provision of the statute directing what the record in a criminal case shall be, except where the defendant has been convicted (Gen. Stat. Sec. 4330), or where an ap-

peal is taken by the state from an order sustaining a demurrer to an indictment. (Stat. 1889, p. 24.)

Prior to the passage of the latter statute, it was twice held by this court that the only manner in which the action of the district court in sustaining a demurrer to an indictment could be presented for review was by means of a bill of exceptions. (*State* v. *Fellows,* 8 Nev. 311; *State* v. *Lamb,* 20 Nev. 181.) It was probably in view of these decisions that the statute was passed, but it goes no further than to cover the single case of where a demurrer to an indictment has been sustained. With this exception, there is no method provided by which the state may bring up cases from which it is entitled to an appeal. As, where there is no conviction, the statute does not direct what the record shall be, and there is nothing in the nature of a judgment roll by which errors might be presented, it would seem, as stated in *State* v. *Fellows, supra,* that the most favorable view to the state would be to allow the appeal on bill of exceptions, in analogy to other provisions of the statute. At any rate, there must in some manner be presented upon the appeal an authentic record of the action of the court below, before we can proceed to pass upon its correctness. (*State* v. *Ah Mook,* 12 Nev. 369; *State* v. *Baker,* 8 Nev. 141.)

It was suggested upon the argument that a bill of exceptions had been presented to the district judge, which was then in process of settlement, but we do not conceive that this fact can change the *status* of the case as it now stands in this court.

Appeal dismissed.