[No. 1584.]

# THE STATE OF NEVADA, RESPONDENT, v. ARNOLD MAHER, APPELLANT.

CRIMINAL LAW—INSTRUCTIONS.  Where an instruction in a criminal case has already been given in substance and in terms as clear, full and favorable as in the one requested, its refusal is not error.

IDEM—IDEM—RECORD.  Where defendant contends that the instructions refused were not embraced in the charge given, he must affirmatively show such fact by the record.

IDEM—IDEM—IDEM.  Where there is no claim of error by defendant in the instructions as modified and given, and the record does not contain the instructions requested, the appellate court cannot consider the error assigned in the modification of such instructions.

IDEM—IDEM—IDEM—DUTY OF COURT TO ENDORSE ACTION.  Though it was the court's duty to endorse on each of the instructions asked the part given and the part refused, defendant cannot complain of the court's failure in this respect, if the instructions as asked are not in the record.

IDEM—IDEM—SUFFICIENCY OF PROOF TO CONVICT.  An instruction that: "You are instructed that every material fact going to the guilt should be fully established in the same manner and to the same extent as if the whole issue rested on it.  You must be satisfied that each link in the chain of circumstances essential to the conclusion sought to be established by the prosecution has been fully proved beyond a reasonable doubt; otherwise, you must acquit"—is a fair statement of the two propositions of law; the one as to the establishment of every material fact going to defendant's guilt, and the other as to the conclusiveness of the proof.

IDEM—SENTENCE—HARD LABOR—MODIFICATION.  A sentence on a conviction of grand larceny is not void because the court imposes as a part of the penalty "at hard labor."  In any event, the court could under the statute, in this proceeding, modify the judgment by striking out the objectionable words.

APPEAL from the Fourth Judicial District Court, Ormsby County; *C. E. Mack*, Judge.

Arnold Maher was convicted of grand larceny, and appeals. Affirmed.

*E. T. Dupuis*, for Appellant:

I. The court erred in not giving instructions Nos. 3, 4 and 16 to the jury as they were written and asked by the defendant's counsel. Each is modified by the court. But, as they appear in the record, each fail to show how and wherein they were modified, although each bear the endorsement and signature of the trial judge, to wit: "Given as modified, C. E. Mack, District Judge." This action on the part of the court was not in compliance with sections 387–388 of the criminal practice act, which says that "Each party may present to the court any written charge and request that it be given. If the court think it correct and pertinent, it shall be given; if not, it shall be refused. * * * Upon each charge so presented and given, the court shall endorse its decision and sign it. If part be given and part refused, the court shall distinguish, showing by the endorsement what part of the charge was given and what part refused." This the court did not do, and appellant assigns it as error. These three instructions were rewritten by the trial judge, who modified them to suit his pleasure, without the consent or knowledge of the defendant's counsel; without leaving any marks or words to indicate what part was given and what part was refused or what words were added thereto.

II. Appellant assigns as error the court's action relative to instructions asked by the defendant marked Nos. 1 and 6. The record shows that the court gave these two instructions with modifications, but the modifications, whatever they may have been, are not shown by the record certified to this court for review. (Section 426, Criminal Practice Act.) What construction is to be given this statute? Is not its object to give to a defendant a manner of appealing without the necessity of a bill of exceptions? It certainly can serve no other purpose. It is to be read in conjunction with sections 387 and 388 of the criminal practice act, which makes it obligatory of the trial judge " that upon each charge so

presented and given or refused, the court shall endorse its
decision and sign it. If part be given and part refused, the
court shall distinguish, showing by the endorsement, what
part of the charge was given and what part refused."

III. Upon instruction No. 6 the court did not perform
that duty. Appellant contends that, if a statute gives to a
defendant a mode of appeal dependent upon the performance
of certain acts required by law of the court, and the court
refuses to follow the law, and through its action, the defend-
ant is denied the advantage of an appeal as to those points,
the defendant is deprived of a substantial right such as to
warrant the reversal of the judgment. (*State* v. *McCombs*,
13 Iowa, 426.)

IV. Instruction No. 6 was not given in the form in which
it was asked, but was rewritten by the court and endorsed
"given as modified," with the signature of the trial judge.
The original instruction bears no endorsement whatever and
is consequently no part of the record. (*People* v. *Gleason*, 1
Nev. 173; *People* v. *Flahave*, 58 Cal. 249; *People* v. *Tethrow*,
40 Cal. 287.) How is this court to review the modification
made to this instruction? It must be admitted that there is
no way in which it can be done. The court's action had
deprived defendant of this right. The law gives the defend-
ant a mode of appeal other than by bill of exceptions—from
the judgment roll. If the action of the lower court in this
case is upheld, does it not put this right of appeal exclusively
in the discretion of the district court? If the trial judge
should neglect, as he has done in this case, to perform the
duty imposed upon him by law, would not the defendant's
right to an advantage of appeal in this manner be cut off?
The right to have the instruction reviewed by the supreme
court would certainly be denied the defendant.

V. The only means of identifying the action of the court
as to instruction No. 6 would be to compare it with the origi-
nal paper upon which the instruction was written. But how
is this court to know it was the original paper and the one
requested by the defendant? it bears no endorsement what-
ever or signature of the court. It was inserted in the record
by the clerk. It certainly cannot be used by the appellant
to identify any error which may have been made by the

court in the instructions given instead. "It does not bear the authentication of the court and forms no part of the record on appeal." (*People* v. *January*, 77 Cal. 179; *Ham* v. *W. I. & N. Ry. Co.*, 61 Iowa, 720; sec. 288, Crim. Pr. Act; *Baldwin* v. *Shill*, 3 Ind. App. 291; *Condon* v. *Morning Star*, 24 Ind. 150; *Bois* v. *Henry*, 32 Ill. 138.)

VI.    The court committed error in modifying the following instructions asked by the defendant's counsel: "You are instructed that *each circumstance essential to the conclusion of the defendant's* guilt should be fully established in the same manner and to the same extent as if the whole issue rested upon it. You must be satisfied that each link in the chain of circumstances essential to the conclusion sought to be established by the prosecution has been fully proved beyond a reasonable doubt, *to your entire satisfaction;* otherwise, you must acquit." The foregoing instruction was copied from the case of *People* v. *Ah Chung*, 54 Cal. 403, and in commenting upon the giving of this instruction by the lower court, the supreme court of that state say: "This was a clear and intelligible statement of the rule and fairly presented to the jury the law of the case by which they were governed." The italicized words show the modification of the instruction by the court. In lieu of the first words so italicized, the court inserted the words "*every material fact going to.*" Appellant contends that this was error. There is a broad distinction between a "material fact" and an "essential circumstance." A circumstance is something attending, appendant or relative to a fact or case, while a *fact* is a thing done, a deed, an effect produced or achieved. The object of the instruction was to call the attention of the jury that it was as necessary that a circumstance should be proven or established as well as material facts in the case. The court by its modification of the instruction confined the jury to "*material facts going to the guilt,*" which certainly must have restrained it from giving any attention to the establishing of circumstances. A circumstance not fully established may raise a reasonable doubt of guilt. Then, is it not as fully important that *each essential circumstance* should be established in the same manner and to the same extent as if the whole issue rested upon it, as well as every *material fact?* (*Scott* v. *State*, 19 Tex.

App. 325; Starkie on Ev., 9th ed., sec. 856; Thomp. on Trials, sec. 2511; *Sumner* v. *State*, 5 Blackf. 579; Burrill, Cr. Evidence, p. 733; 3 Greenleaf on Evidence, sec. 30; *People* v. *Phipps*, 39 Cal. 333.)

*W. D. Jones*, Attorney-General, and *J. Emmett Walsh*, District Attorney, for Respondent:

I.   None of the purported instructions, either given, modified or refused, as contained in the transcript on appeal on file, bear the file marks or any distinguishing or identifying marks of the district court showing that they were asked or given in this action, and, so far as the record is concerned, there is nothing to show that any of the purported instructions on pages 13 to 32, inclusive, of the transcript on appeal were ever filed in the district court or that they are the original papers in the case.

II.   It has been repeatedly decided in this state that it is not error for the court to refuse an instruction which has already been given in substance, and in terms as clear, full and favorable to the defendant as those in which the court is asked to repeat it.  (*State* v. *O'Connor*, 11 Nev. 425; *State* v. *Waterman*, 1 Nev. 549; *State* v. *Cardelli*, 19 Nev. 330; *State* v. *McLane*, 15 Nev. 364; *State* v. *Rover*, 13 Nev. 24; *State* v. *Millain*, 3 Nev. 449; *People* v. *Elliott*, 119 Cal. 594; *People* v. *Ramirez*, 56 Cal. 538; *People* v. *Douglass*, 100 Cal. 5.)

III.   Error is claimed by appellant upon the ground that some of the instructions were not given as they were written and requested and that they fail to show wherein they were modified.   An examination of the transcript will show that some of the identical instructions complained of are contained therein in duplicate and show the modification of the court, and, without a bill of exceptions, how can it be proved to this court which set of these instructions were read and given to the jury when they retired to consider their verdict? The court was not required to give any reason for modifying these instructions and giving them as modified.

IV.   " The court is not bound to give instructions in the exact language used by counsel, even if correct, but may add to, or change, the phraseology in order to make the language more clear and explicit, or to prevent the jury from being

misled." (State v. Davis, 14 Nev. 413; Gaudette v. Travis, 11 Nev. 149.)

V. The action of the court in not designating what portion of the instruction was given and what part modified was immaterial, for courts will not reverse a judgment for an abstract and immaterial error. (People v. Ramirez, 56 Cal. 538; People v. Ybarra, 17 Cal. 166; People v. Douglass, 100 Cal. 6.)

VI. When there is no bill of exceptions showing or referring to the evidence on which the instruction is based, this court cannot presume that there was such evidence, but must presume in favor of the correctness of the judgment, and consequently to presume that the instruction was a mere abstract proposition, having no reference to the evidence in the case, and therefore perfectly immaterial. In the absence of a bill of exceptions stating what the evidence in the case was, the refusal of a judge to give an instruction about a legal proposition, which might or might not be involved in the trial of a case, would not be error. Even if it appeared affirmatively from the record that the court had given a wrong instruction about a mere abstract principle of law, which had no application to the case on trial, this of itself would not be such an error as to reverse the judgment. (State v. Waterman, 1 Nev. 558.)

By the Court, MASSEY, J.:

The appellant was charged by indictment with the crime of grand larceny, and upon a trial therefor was convicted, and sentenced to imprisonment for a term of five years. He appeals from the judgment.

First—It is contended that the court erred in refusing to give to the jury instructions numbered 2, 12, 13 and 14 asked by the appellant. Each of the instructions bears the endorsement of the district judge to the effect that it has been given in other instructions. It has been repeatedly decided by this court that it is not reversible error to refuse an instruction which has already been given in substance and in terms as clear, full, and favorable as those in which the court is asked to repeat it. (State v. Cardelli, 19 Nev. 330, 10 Pac. 433; State v. McLane, 15 Nev. 364; State v. O'Connor, 11 Nev. 425;

*State* v. *Rover*, 13 Nev. 24; *State* v. *Millain*, 3 Nev. 409; *State* v. *Waterman*, 1 Nev. 543.)

It has also been held that, if an instruction is refused because its substance has already been given, that fact should be stated, and noted on the instruction. (*State* v. *Ferguson*, 9 Nev. 106.)

Appellant contends that it does not appear from the record that the instructions asked were given in substance, as required by the rule. If this claim be tenable, he is at fault in not bringing to this court all the instructions given. The record purports to contain the instructions given by the court on its own motion, but the papers containing these instructions are no part of the record, not being contained in a bill of exceptions, as required by the provisions of the criminal practice act. (*State* v. *Rover*, 11 Nev. 343; *State* v. *Forsha*, 8 Nev. 137; *State* v. *Burns*, 8 Nev. 251.)

It rests upon the appellant to show error. He must affirmatively show by the record that the instructions asked were not embraced in the charge given; otherwise, how can we ascertain whether or not the law contained in the charge given did not embrace the instruction refused? The only inference which can be indulged from the record upon which the appellant relies is that the instructions were refused because given in the instructions not carried up in the record. (*Bolen* v. *State*, 26 Ohio St. 371; *Delhaney* v. *State*, 115 Ind. 499; *Garrett* v. *State*, 109 Ind. 527; 2 Enc. Pl. & Prac. 482, 483; 11 Enc. Pl. & Prac. 300.)

*Second*—The appellant assigns as error the action of the court in modifying instructions 1 and 6 asked by him. These instructions, as modified and given, are set out in the record. The instructions as asked are not in the record. It is not claimed that the modified instructions do not contain a correct statement of the law. It is well settled that the court may modify instructions so as to relieve them of any possible ambiguity, and make their meaning more certain. (*State* v. *Watkins*, 11 Nev. 30; *State* v. *Smith*, 10 Nev. 106; *State* v. *Davis*, 14 Nev. 407.)

In the absence of any claim of error in the instructions as modified and given, and without the record containing the instructions as asked, how can we predicate error in the mod-

ification made under the rule announced? Conceding, for the argument only, that it was the duty of the court to endorse upon each of these instructions as asked the part given and the part refused, the appellant is not in a position to complain of the failure in this respect, as he has not brought to this court the instructions as asked, showing such failure, and we cannot, without having these instructions before us, say that the proper endorsements were not made. In fact, the record does not show that the court either failed or refused to comply with the statute in this respect.

*Third*—It is claimed that the court erred in giving instruction No. 18 asked by the appellant, as modified. The instruction set out in the record as given is so mutilated by erasure and interlineations that it would be only a guess for us to attempt to say to what extent it was modified. As given it reads as follows: "You are instructed that every material fact going to the guilt should be fully established in the same manner and to the same extent as if the whole issue rested upon it. You must be satisfied that each link in the chain of circumstances essential to the conclusion sought to be established by the prosecution has been fully proved beyond a reasonable doubt; otherwise, you must acquit." This instruction, it seems to us, contains a fair statement of two propositions of law.

We believe it is well settled that every material fact going to the guilt of a person charged with a crime should be fully established in the same manner and to the same extent as if the whole issue rested upon it.

We are also of the opinion that, when the court charges the jury that, "You must be satisfied," it is equivalent to charging the jury that the facts embraced must be proved to their satisfaction, and is sufficient without a repetition thereof.

The claim that the judgment should be reversed because the court imposed as a part of the penalty "at hard labor" is without merit. The question was determined in *Ex Parte Maher*, 25 Nev. 422. Even if the claim possessed merit, we could, under the statute, in this proceeding modify the judgment by striking therefrom the words "at hard labor."

The judgment will be affirmed.