(March 3, 1923.)

## STATE, Respondent, v. NICK MITCHELL and CLYDE H. SMITH, Appellants.

[214 Pac. 217.]

ROBBERY — CURRENCY — SILVER COIN — PEREMPTORY CHALLENGES — CO-DEFENDANTS—MOTION TO ·QUASH—BILL OF EXCEPTIONS.

1. A charge of robbery by feloniously taking from one's person "currency" of a certain value is sustained by proof of the felonious taking of silver coin.

2. Codefendants jointly tried are entitled to only the same number of peremptory challenges as are allowed to a single defendant and these cannot be severed, but must be exercised jointly.

3. An exception to an adverse ruling· on a motion to quash an information must be saved by a bill of exceptions in order to present such ruling to this court for review. (C. S., sec. 9008.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Appellants were convicted of robbery. *Affirmed.*

P. E. Cavaney, for Appellant Mitchell.

The robbery alleged at the preliminary hearing of the witness Ivers established a different crime from that upon which the defendant was tried in the district court, and was prejudicial. (*State v. Blank*, 33 Ida. 730, 197 Pac. 821.)

The defendant Mitchell should have had ten peremptory challenges to the jury because if it was otherwise and the defendant would be obliged to join in the peremptory challenges with his codefendant, C. S., sec. 8912, is in violation of the fourteenth amendment to the constitution of the

·Publisher's Note.

1. Sufficiency of description of money taken in indictment for robbery or larceny, see notes in Ann. Cas. 1912B, 403; 36 L. R. A., N. S., 933.

United States and art. 1, sec. 1, and art. 1, sec. 18, of the constitution of Idaho. (*Carpenter v. People,* 31 Colo. 284, 72 Pac. 1072; *Mask v. State,* 32 Miss. 405; *Shaw v. State,* 39 Tex. Cr. 161, 45 S. W. 597; 16 C. J. 786.)

Harrison McAdams, for Appellant Smith.

It is in violation of the U. S. constitution, and of the constitution of Idaho, to refuse to a defendant jointly tried with another the same number of peremptory challenges to the jury he would be entitled to if tried alone. (U. S. Const., Amendment 14, sec. 1; Idaho Const., art. 1, sec. 1, and art. 1, sec. 18.)

C. S., sec. 8912, in no way limits the number of challenges allowed each defendant in a joint trial but simply compels codefendants to join in with codefendants in the number permitted each "defendant" under sec. 8926. The last-mentioned section reads in part, " . . . . the defendant is entitled to 10 . . . . ," and by the use of the singular number the legislature did not intend to do other than give each "defendant" the number specified. (*Carpenter v. People,* 31 Colo. 284, 72 Pac. 1072.)

The variance between the information regarding the property alleged to have been taken from the prosecuting witness, "$10 in currency of the value of $10 in gold coin of the United States of America," and the proof, wherein it is proved in substance that the property lost by Manuel Coster in the alleged holdup was a handful of silver, variously alleged by Manuel Coster in his testimony to be $10, a handful of silver and a watch, that he was not positive what he lost, and that it was more than $5 in silver, is a fatal variance and does not sustain the verdict of the jury. (*James v. State,* 115 Ala. 83, 22 So. 565; *White v. State* (Tex. Cr.), 57 S. W. 100; *Spanish v. State,* 67 Fla. 414, 65 So. 457; *Earley v. State,* 56 Tex. Cr. 61, 118 S. W. 1036; *McCaskey v. State,* 76 Tex. Cr. 225, 174 S. W. 338; *Barton v. State,* 88 Tex. Cr. 368, 227 S. W. 317.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

In order that this court consider the action of the trial court in ruling on a motion to quash an information it is necessary that exception be saved to the ruling of the court, and the action of the court be incorporated in a special bill of exceptions. (C. S., secs. 9007, 9011; *State v. Snook,* 34 Ida.. 403, 201 Pac. 494.)

In the exercise of peremptory challenges, it is necessary to point out to this court wherein the defendant has suffered a prejudice. (*State v. Gordon,* 5 Ida. 297, 48 Pac. 1061; *State v. Fondren,* 24 Ida. 663, 135 Pac. 265.)

Where defendants are tried together their peremptory challenges cannot be separated. (C. S., sec. 8912; *State v. Petilla,* 116 Wash. 589, 200 Pac. 332.)

DUNN, J.—Appellants were jointly informed against for the crime of robbery and after trial together both were convicted. Each moved for a new trial and his motion was denied. Each has appealed from the judgment and from the order of the court denying a new trial.

Appellant Smith moved to quash the information, setting up several grounds, among which he relied mainly upon this one: "(3) That no order holding defendant Clyde H. Smith to answer to this court was made or endorsed as is required by the provisions of sec. 7579 of the Compiled Laws of Idaho. (C. S., sec. 8757.)"

This motion was denied, but no exception was taken to the ruling and the matter is, therefore, not presented to this court in the manner required by C. S., sec. 9008. (*State v. Snook,* 34 Ida. 403, 201 Pac. 494.)

Each appellant complains of the refusal of the trial judge to allow him ten peremptory challenges without joining with his codefendant as to such challenges.

C. S., sec. 8912, provides that "When several defendants are tried together they cannot sever their challenges but must join therein."

C. S., sec. 8926, provides that ''If the offense charged is punishable with death or with imprisonment in the state prison for life, the defendant is entitled to 10 and the state to 10 peremptory challenges.''

It is clear that under these statutes a defendant on trial with one or more codefendants would not be entitled to exercise his peremptory challenges separate and apart from his codefendant. We understand that in such a case as this the defendants being jointly tried would have a right to exercise jointly only 10 peremptory challenges. But, even if they were entitled to exercise jointly 20 challenges, they were not injured by the ruling of the court in this case because they jointly exercised only nine such challenges.

Each appellant complains that the information charged robbery by the felonious taking ''from the person, possession and immediate presence of one Manuel Coster, $10 in currency of the value of $10 in gold coin of the United States of America,'' while the proof shows the taking of silver money of uncertain amount. This is no variance. Silver money is currency. (See Webster's International and New Standard Dictionaries.)

Appellant Mitchell relies upon his claim that there is a total lack of evidence to connect him with the offense, but an examination of the record discloses sufficient evidence to sustain the conviction.

The other errors assigned are without merit.

The judgment and the order denying a new trial are affirmed.

Budge, C. J., and McCarthy, J., concur.

WM. E. LEE, J., Dissenting in Part.—I concur in the majority opinion affirming the judgment of conviction of Smith. Smith was positively identified by two witnesses as the man who committed the robbery, and there is substantial evidence upon which to base his conviction.

In so far as appellant Mitchell is concerned the evidence is entirely circumstantial.

In the case of *State v. Marcoe*, 33 Ida. 284, 193 Pac. 80, this court said: "In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

In that case, the court also said: "If the evidence can be reconciled either with the theory of innocence or guilt, the law requires that the theory of innocence be adopted."

The evidence in this case creates a suspicion that the defendant Mitchell committed the crime for which he was convicted, but, in my opinion, it is clearly insufficient upon which to base a conviction. None of the evidence is inconsistent with the innocence of Mitchell, and every part thereof is capable of explanation upon the hypothesis that he is innocent.

Applying the rule of law laid down in the case of *State v. Marcoe, supra*, to the evidence in this case, I am firmly of the opinion that the evidence is insufficient to sustain the verdict, and that the judgment should be reversed and a new trial ordered.