[Crim. No. 977. Third Appellate District.—October 8, 1927.]

THE PEOPLE, Respondent, v. CHARLES PILBRO et al., Defendants; FRANK X. WALSH, Appellant.

E. Fitzgerald for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the eighth day of March, 1927, an information was filed in the superior court of the county of El Dorado accusing the defendants Charles Pilbro and Frank X. Walsh of the crime of wilfully and unlawfully manufacturing intoxicating liquor, etc., in said county. Both of the defendants, upon trial, were convicted. The defendant Walsh interposed a motion for new trial, which motion was denied, and thereupon said defendant appealed to this court from the order denying his motion for a new trial and from the judgment entered against him in said cause.

No contention is made that the evidence is insufficient to warrant the verdict of the jury, and an examination of the record shows that no such contention could be reasonably urged. We are presented upon this appeal with certain alleged errors relative to the order of the court denying the appellant's motion for a separate trial, errors in the impanelment of the jury, and errors in the admission and in the argument of counsel for the People made to the jury.

The record on appellant's motion for a separate trial shows the following: That on the eighth day of March, 1927, the appellant served a notice in these words (omitting the title):

"Take notice that on Friday, the 11th day of March, 1927, at the court room at the court house in Placerville, El Dorado County, California, at the hour of 10 o'clock a. m., of said day, the above named defendant, Frank X. Walsh, will move the court, and said defendant hereby moves the court for a separate trial in the above entitled action. That said motion will be made and based upon the record and files in this cause."

"(Signed) E. FITZGERALD,
"Attorney for Frank X. Walsh."

In *People* v. *Anderson,* 59 Cal. App. 408 [211 Pac. 431], this court had before it for consideration an almost identical motion, where the record, just as in this case, shows absolutely nothing further. It was there held that while, under section 1098 of the Penal Code, as amended in 1921, the court may, in its discretion, order separate trials of two or more defendants jointly charged, it is not bound or required to do so upon the mere request of any one of the defendants. On page 43 of the opinion in that case will be found cited numerous authorities to the effect that where the record shows nothing further than a mere motion, there is nothing upon which an appellate court can say that the trial court did not properly exercise its discretion.

In *People* v. *Erno,* 195 Cal. 272 [232 Pac. 710], a case where two defendants were charged with the crime of murder, the supreme court in that case said: "When two or more defendants are jointly charged with a public offense, they must be tried jointly, unless the court order separate trials, and it is not bound to order separate trials upon the mere request of a defendant."

 Upon and during the course of the impanelment of the jury the defendant Pilbro declined to join with his co-defendant Walsh in the exercise of certain peremptory challenges. The record in this particular, so far as it is necessary to illustrate the point, is as follows: "Mr. Fitzgerald: I will say to the court that I have talked with the defendant Pilbro and he refuses to co-operate with the defendant Walsh in excusing persons on the jury that we desire to excuse. The Court: You understand what you are doing, Mr. Pilbro? Defendant Pilbro: Yes, sir, I am satisfied with the jury as they are. The Court: You deem it to your interest not to join in the challenge, is that it? Defendant Pilbro: Yes, sir. The Court: You deem it contrary to your interest at the present time to exercise this joint challenge, is that right? Defendant Pilbro: Yes, sir. Mr. Fitzgerald: Then I have no challenge. Mr. Lyon: Excuse Mr. Martin. Mr. Fitzgerald: We take an exception to the excusing of the last juror upon the ground that the State is exercising more challenges than the defendant can exercise—the defendant Walsh. The Court: Mr. Martin will be excused."

Substantially the same proceedings were had in relation to some other jurors, the record showing that the prosecution excused eight jurors challenged peremptorily and the appellant Walsh five. It does not appear from the record that the defendant Walsh at any time asked leave to exercise more challenges than the five exercised by him, but, nevertheless, we will set forth the cases which seem to determine the law, irrespective of whether the appellant has or has not placed himself in a position to take advantage of any ruling of the court made during the impanelment of the jury. Section 1070 of the Penal Code, as it existed at the time of the trial of this cause, gave to a defendant ten and to the state five peremptory challenges, and section 1098 of the Penal Code, applying to cases where defendants are tried jointly, read then as it does now: "If the defendants are tried jointly, the State and the defendants shall be entitled to the number of challenges prescribed by section 1070 of this code, which challenges, on the part of the defendants, must be exercised jointly. Each defendant shall also be entitled to five additional challenges which may be exercised separately. The State shall also be entitled to additional challenges equal to the number of all the additional separate challenges allowed the defendants." Under this provision of the code the defendants in this case were allowed ten challenges to be exercised jointly and five challenges to be exercised separately, which gave to the state the right to exercise ten challenges. ██ The challenges are allowed by law to the state, and the number to be exercised is not made dependent upon the number of challenges exercised by the defendants.

In the case of *People* v. *Rambaud*, 78 Cal. App. 685 [248 Pac. 954], this court had before it similar questions involving the impanelment of a jury. In that case no showing was made that any biased or unfit jurors were sworn to try the case, as it is not made to appear here that any other than an acceptable juror was sworn to try the case. In the Rambaud case this court in its opinion said: "As was said in many of the cases the important thing to be considered is whether an objectionable juror was forced upon the defendant and whether he had had that to which he was entitled—a fair and impartial jury and not a jury composed of any particular individuals." (Citing *People* v. *Johnson*, 57 Cal.

App. 391 [207 Pac. 281]; *People* v. *Kromphold,* 172 Cal. 512
[157 Pac. 599]; *People* v. *Schaffer,* 161 Cal. 573 [119 Pac.
920]; *People* v. *Troutman,* 187 Cal. 313 [201 Pac. 828].) In
the Rambaud case it further appeared that after the defend-
ant had exercised all his peremptory challenges, the court
permitted the prosecution to exercise peremptory challenges
upon two veniremen who had theretofore been passed for
cause, and after the prosecution had declined to exercise,
in turn, its peremptory challenges, as set forth in section
1088 of the Penal Code; but there, as here, no showing was
made that any objectionable juror was forced upon the
defendant and the language there used in considering this
question is pertinent here, to wit: "Not the slightest inti-
mation appears in the record of any dissatisfaction what-
ever relative to the jurors who were sworn to try the cause
in the place of the persons just referred to." We there
held, as we may hold here, that under such circumstances
section 1404 of the Penal Code applies relative to errors
not affecting the substantial rights of the parties. (See,
also, 15 Cal. Jur., p. 323, sec. 3, and authorities there
cited), all of which hold that while a defendant is
entitled to a fair and impartial jury, he is not entitled
to the service of any particular juror. The record shows
that the appellant in this case was allowed and exercised
all the challenges to which he was entitled.

Section 1098 of the Penal Code, in relation to peremptory
challenges, requires, as we have said, that ten of them must
be exercised jointly when two or more defendants are
being jointly tried. As said in 15 California Jurisprudence,
407, section 79: "In criminal cases when several defendants
are tried together, they cannot sever their challenges but
must join therein. And in civil actions where there are
several parties on either side, they must join in the challenge
before it can be made. In construing these provisions, it
has been held in criminal cases that defendants must join
in peremptory challenges as well as in those for cause. The
provisions of the Code of Civil Procedure do not deny
persons the equal protection of the laws, and thus violate
the 14th Amendment, for the same rule applies to all the
parties to an action where they are united with others either
as plaintiffs or defendants."

In *People* v. *McCalla*, 8 Cal. 301, the defendants were on trial for murder. We quote from the opinion of the court: "The only error assigned is the refusal of the court to exclude from the panel a juror who was challenged peremptorily by one of the defendants, the other expressly refusing to join in the challenge." It was there held that the challenge could only be exercised jointly. See, also, *State* v. *Mitchell*, 36 Idaho, 724 [214 Pac. 217]. The same ruling was had in the *County of San Luis Obispo* v. *Simas*, 1 Cal. App. 175 [81 Pac. 972]. To the same effect is the case of *Meuller* v. *Hale*, 138 Cal. 163 [71 Pac. 81], where it is also held that the requirements that defendants or parties must join in the exercise of peremptory challenges is not violative of any constitutional provision.

The foregoing cases show clearly that the appellant's contention relative to the impanelment of the jury in the cause under consideration is wholly untenable. To support his contention the appellant relies upon the case of *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630], where this court had under consideration the subject of peremptory challenges. An examination of the O'Connor case, however, and of the facts set forth in the opinion show that that case does not uphold any of the appellant's contentions made herein.

Appellant, as we have stated, assigned as error the admission of certain testimony, and also error in the argument of the district attorney. We are not given any reason why any of the rulings of the court in the admission of testimony or exclusion of testimony should be held erroneous. Appellant, in his argument, sets forth only the following: "We have also numerous errors noted in allowing the District Attorney and defendant Pilbro to get before the jury inadmissible evidence involving Walsh, and last, we have the court's error in permitting the District Attorney to argue before the jury concerning certain alleged offenses of Walsh for which he was not being tried." It has been frequently held that assignments of errors of law committed in ruling made during the progress of the trial which are not discussed in appellant's brief will not be examined or considered upon appeal, but it will be presumed that no errors existed in such rulings. *Bell* v. *Southern Pac. Co.*, 144 Cal. 560 [77 Pac. 1124], *People* v. *Clark*, 183

Cal. 677 [192 Pac. 521], where it is held that a mere assignment of error will not be considered in the absence of citation of authorities or specifications of particulars showing the error.

In *Dolley* v. *Rabon*, 66 Cal. App. 707 [228 Pac. 52], a similar presentation of alleged errors was made by the appellant. It was there said: "Other points suggested by appellant are neither argued nor seriously presented in any way. Under such circumstances, under the rule frequently announced by the Supreme Court of this state, such alleged errors are entitled to no consideration." (See the last page of the opinion in that case for a long list of authorities announcing the same rule.)

We think the record shows that the appellant was fairly tried and that no cause for reversal has been presented.

The order and judgment of the trial court are affirmed.

Burroughs, J., *pro tem.*, and Finch, P. J., concurred.