THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN KASSIS and Another, Defendants.

Supreme Court, Oneida County, December 12, 1931.

*Charles L. De Angelis,* for the people.

*James & Leo O. Coupe [Leo O. Coupe* of counsel], for the defendant Kassis.

*John C. Judge,* for the defendant Stambouly.

DOWLING, J.    Defendants stand jointly indicted for the murder of one Anthony LoFaro, alleged to have been committed at the city of Utica, N. Y., March 20, 1931.

Defendants move for leave to inspect and for a copy of the minutes of the grand jury upon which the aforesaid indictment was found against them.    Both defendants assert that it is necessary for them to inspect said minutes in order for them to lay the basis for a motion to dismiss the said indictment.

Defendants' moving papers demonstrate quite clearly that there is no reason to believe that the evidence before the grand jury, upon which the indictment in question was returned, is insufficient or illegal.    Quite the contrary appears therefrom.    Hence, the

motions for leave to inspect must be denied. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 31.)

Defendant Kassis moves for a separate trial. Defendant Stambouly does not, but the People do, oppose such motion.

In applications made by a defendant for a separate trial " The courts should apply but one test. Will a separate trial impede or assist the proper administration of justice in a particular case and secure to the accused the right of a fair trial? " (*People* v. *Snyder*, 246 N. Y. 491, 497.) " It depends upon the circumstances of the particular case whether a jury can weigh properly the testimony produced upon the various issues that may arise in a joint trial." (*People* v. *Snyder, supra,* 497.)

There is no suggestion in the moving papers that Stambouly and Kassis will antagonize each other in their respective defenses. The moving papers, on the contrary, indicate that their defenses will be quite alike as both defendants deny any connection whatever with the alleged homicide. Counsel for Stambouly suggested, upon the argument, that he would have at the trial a large number of witnesses to establish an alibi for Stambouly. Such evidence ought to be helpful in the defense of Kassis and, if Kassis does likewise, such evidence ought to be helpful in the defense of Stambouly. Neither defendant has confessed or made admissions of guilt or, in any way incriminated the other. Under those circumstances, the proper administration of justice requires a joint trial. The moving papers suggest no reason, and the court now can anticipate none, why a joint trial would not afford to each of the accused a fair trial. Such being the case, a separate trial should not be ordered. (*People* v. *Doran*, 246 N. Y. 409, 425.) On the contrary, under the facts presented, separate " trials would impede the course of justice. Public rights would be encumbered by delays and expense. The probability of acquittal for (either) one of these defendants would not be increased." (*People* v. *Fisher*, 249 N. Y. 419, 426.)

The People claim that, prior to the alleged homicide, defendant Kassis said " that he was going to pull off a job, either in New York or Utica." The recitation of this evidence would not prejudice Kassis, if he were tried jointly with Stambouly, and I am unable to see how, if properly limited, its reception could prejudice the rights of Stambouly.

Defendant Kassis challenges the constitutionality of section 391 of the Code of Criminal Procedure, as amended by chapter 461 of the Laws of 1926, in effect July 1, 1926. This section provides: " Defendants, jointly indicted, may be tried separately or jointly in the discretion of the court."

Section 373 of the Code of Criminal Procedure provides: " Peremptory challenges must be taken in number as follows: 1. If the crime charged be punishable with death, thirty."

Defendant Kassis asserts that " The Legislature in amending section 391 failed to amend sections 360 and 373 by providing that, in a death case, each defendant should have thirty peremptory challenges," and for this reason, section 391 is unconstitutional because it deprives each defendant of thirty peremptory challenges in a trial for murder in the first degree.

" The matter of peremptory challenges rests entirely with the Legislature." (*People* v. *Doran*, 246 N. Y. 409, 426.) Hence a defendant has no constitutional right to any peremptory challenges. It is otherwise with challenges for cause. " The Legislature could not take from the court the power to exclude a juror who had declared himself to be biased and partial or was related to a party or had an interest in the cause." (*People* v. *Doran*, *supra*, 426.) " When several defendants are tried together they cannot sever their challenges, but must join therein." (Code Crim. Proc. § 360.) All defendants tried together for murder in the first degree are entitled to thirty challenges, as if there were but one defendant. (*People* v. *Doran*, *supra*, 426.) The thirty peremptory challenges cannot be divided among the defendants. (*People* v. *Doran*, *supra*, 427.) " A peremptory challenge made by one defendant is to be regarded as a joint challenge unless the other defendant dissented or objected." (*People* v. *Connolly*, 227 App. Div. 167, 186.) In *People* v. *Connolly* (*supra*, 187), in discussing how joinder in a peremptory challenge may be evidenced, the court said, " it may be done by express concurrence, or, on the other hand, it may be shown by conduct of counsel, and that acquiescence on the part of one defendant when a challenge is interposed by the other may be taken by the court as a joinder by the defendants; that it is not the duty of the court to call the roll of the defendants in each case to ascertain whether there is a joinder, but that, if a challenge is made by one defendant and acquiesced in by the other, the court may consider it a joinder."

Defendant Kassis is concerned over what would happen in the event that one defendant expressly refused to join in a peremptory challenge or in a challenge for cause, while the other pressed such challenges. It is not necessary to decide this question now. I think, without deciding the question, that unless defendants unite in making a peremptory challenge, there is no challenge for the court to rule upon. In *People* v. *Connolly* (*supra*, 187) the court say, citing *People* v. *Doran* (*supra*): " Unless the defendants join in making a peremptory challenge, the court should not recognize

the challenge and the juror should be sworn unless excused for other reasons." In *People* v. *Doran* (*supra*, 425) the trial court held that he would not accept a peremptory challenge except upon the defendants uniting therein. On page 426 of the same case the court said: "We take it that the interpretation that defendants must join in peremptory challenges given by the trial justice was correct." But "Challenges for cause may be made by any party, and when a fact establishing the incompetency of a juror is brought to the knowledge of the court, it becomes its duty to exclude him even against the wishes of all of the parties." (*People* v. *McCalla,* 8 Cal. 303.)

Under the common law, where two or more defendants were jointly indicted, they could be tried jointly or separately in the discretion of the court. The Revised Statutes in 1829 (2 R. S. pt. 4, chap. 2, tit. 5, § 20) changed the common-law rule by providing that when two or more persons shall be jointly indicted for any felony, any one defendant requiring it, shall be tried separately. This remained the law through the Revised Statutes and the Code of Criminal Procedure (Laws of 1881, chap. 504, § 391) until the amendment, in effect July 1, 1926, which restored the common-law rule. The Legislature had the power to restore the common-law rule. Hence section 391 of the Code of Criminal Procedure is not unconstitutional. (*People* v. *Doran, supra,* 424.)

The motions for inspection of the grand jury minutes and for separate trials are denied.

Ordered accordingly.