[No. 36512. Department Two. June 13, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE ROY PERSINGER, *Appellant*.*

* Reported in 382 P. (2d) 497.

*Lauren D. Studebaker* (of *Howe, Davis, Riese & Jones*), for appellant.

*Charles O. Carroll, Robert W. Thomas*, and *Mary W. Brucker*, for respondent.

STAFFORD, J.[†]—Arthur St. Peter and Lee Roy Persinger, the appellant, were charged jointly with the crime of robbery. Appellant's motion for a separate trial was denied.

At the time of trial, appellant was required to join with his codefendant in the exercise of all peremptory challenges to the jury. This presented no difficulty during the first five joint challenges. However, on the sixth and last peremptory challenge, Mr. St. Peter refused to join therein and the court denied appellant the opportunity to use it individually. Appellant duly excepted to the court's ruling. July 24, 1961, the jury found appellant guilty of the crime of robbery. His motion for new trial was denied July 28th.

On the 17th of August, while he was awaiting sentence, the state filed a supplemental information accusing him of being an habitual criminal. Arraignment was held August 25th, and at that time the matter was continued 7 days for his plea. Counsel was appointed on August 28th and appellant's plea was continued until the 5th of September. On September the 5th, appellant entered a plea of not guilty and on the following day moved to strike the supplemental information. The supplemental informa-

[†]Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

tion was amended on September 18th, and on the 6th of November appellant unsuccessfully moved to dismiss both the supplemental and amended supplemental informations. The motion was renewed December 14, 1961, and was again denied January 17, 1962. Thereafter, he pleaded not guilty to the charge of being an habitual criminal.

January 19, 1962, a jury found that he was an habitual criminal. His motion for a new trial was denied one week later. He was sentenced to a maximum term of life imprisonment on March 14th.

Appellant assigns as error the court's refusal to dismiss the habitual criminal proceeding. He asserts that the delay in bringing him to trial violated his rights under the tenth amendment to the Washington State Constitution as implemented by RCW 10.46.010.

An habitual criminal charge is not filed for the purpose of prosecuting or punishing an accused for a separate and distinct offense. The proceeding merely enables the court to determine whether there is a sufficient number of prior convictions to require imposition of the sentence provided by law. *In re Towne*, 14 Wn. (2d) 633, 129 P. (2d) 230 (1942); *State v. Domanski*, 5 Wn. (2d) 686, 106 P. (2d) 591 (1940).

One accused of being an habitual criminal is not charged with a criminal offense. *State v. Tatum*, 61 Wn. (2d) 576, 379 P. (2d) 372 (1963). The action is not filed until after he has been convicted of a substantive crime for which he is awaiting sentence. RCW 10.46.010[1] was designed to protect persons charged with crimes. Thus, it has no application here. *State v. Domanski, supra*. For the same reason, the right to a speedy trial guaranteed by the tenth amendment of the Washington State Constitution[2] does not apply.

---

[1]RCW 10.46.010: "If a defendant . . . informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after . . . the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

[2]Const. Art. 1, § 22 (amendment 10): "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury . . ."

Appellant also assigns as error the denial of his sixth peremptory challenge. He contends that the joinder of challenges required by RCW 10.49.060[3] is repugnant to the sixth amendment of the federal constitution,[4] the tenth amendment of the state constitution,[5] as well as § 1 of the fourteenth amendment of the United States Constitution,[6] and Art. 1, § 12 of the Washington State Constitution.[7]

Appellant does not claim that there is insufficient evidence to support the jury's verdict in either the robbery or habitual criminal actions. He assigns no error to the denial of his motion for separate trial. Finally, he does not strongly contend that he failed to receive a fair trial by an impartial jury as required by the sixth amendment of the federal constitution, or the tenth amendment of the state constitution, although he does raise the issue.

■ The sixth amendment of the United States Constitution and the tenth amendment of the Washington Constitution provide that one accused of a crime has the right to a trial by an impartial jury. However, neither constitution requires congress or a state legislature to grant peremptory challenges to an accused. Nor does either constitution provide for any particular method of securing to an accused the right to exercise the peremptory challenges which a legislative body grants him. *Holmes v. United States*, 134 F. (2d) 125 (1943); *Philbrook v. United States*, 117 F. (2d)

---

[3]RCW 10.49.060: "In prosecution for capital offenses, the defendant and the state may challenge peremptorily twelve jurors each; in prosecution for offenses punishable by imprisonment in the penitentiary, six jurors each; . . . When several defendants are on trial together, they must join in their challenges."

[4]U. S. Const. Sixth Amendment: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . ."

[5]Const. Art. 1, § 22 (amendment 10), *supra*, note 2.

[6]U. S. Const. Fourteenth Amendment, § 1: ". . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . . nor deny to any person within its jurisdiction the equal protection of the laws."

[7]Const. Art. 1, § 12: "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

632 (1941); 31 Am. Jur., Jury § 230. The matter of peremptory challenges rests entirely with the legislature. *People v. Kassis*, 145 Misc. 493, 259 N.Y.S. 339 (1931); *People v. Doran*, 246 N. Y. 409, 159 N. E. 379 (1927); 31 Am. Jur., Jury § 230. It is limited only by the necessity of having an impartial jury. 31 Am. Jur., Jury § 230.

■ Codefendants are not denied a fair trial by an impartial jury merely because they are required to exercise collectively their peremptory challenges. The law presumes that each juror sworn in a case is impartial and above legal exception, otherwise he would have been challenged for "cause." *United States v. Marchant & Colson*, 25 U. S. 480, 6 L. Ed. 700 (1827). A peremptory challenge is not aimed at the disqualification of a juror. It is exercised upon qualified jurors who have not been excused for "cause." *People v. Roxborough*, 307 Mich. 575, 12 N. W. (2d) 466 (1943); *Hall v. United States*, 168 F. (2d) 161, 4 A.L.R. (2d) 1193 (1948). In other words, a peremptory challenge is not exercised in the selection of jurors, but in their rejection. *People v. Roxborough, supra.* It enables a party to say who shall not try him; but not to say who shall be the particular jurors to try him. *United States v. Marchant & Colson, supra.*

An accused cannot complain if he is tried by an impartial jury. He can demand nothing more. If, from those who remain, an impartial jury is obtained, the constitutional rights of an accused are maintained. *People v. Roxborough, supra; Hayes v. Missouri*, 120 U. S. 68, 30 L. Ed. 578, 7 S. Ct. 350 (1887).

The requirement that codefendants use their peremptory challenges collectively does not violate the sixth amendment of the United States Constitution. *Stilson v. United States*, 250 U. S. 583, 63 L. Ed. 1154, 40 S. Ct. 28 (1919); *Schaefer v. United States*, 251 U. S. 466, 64 L. Ed. 360, 40 S. Ct. 259 (1920). Likewise, RCW 10.49.060 is not repugnant to the tenth amendment of the state constitution.

■ The trial court's ruling on the question of joinder is supported by RCW 10.49.060. However, appellant attacks the statute on two other grounds: First, Art. 1, § 12 of the

state constitution and § 1 of the fourteenth amendment of the federal constitution require that legislation apply alike to all persons *within* a designated class. *State ex rel. Bacich v. Huse*, 187 Wash. 75, 59 P. (2d) 1101 (1936). In other words, it must apply to all codefendants alike. Although appellant raises the point, he does not seriously contend that the statute fails in this respect.

The courts of two sister states have held that similar statutes do not violate the Fourteenth Amendment because they apply equally to each joint defendant in the collective exercise of his peremptory challenges. *State v. Rivenburgh*, 11 Utah (2d) 95, 355 P. (2d) 389 (1960); *People v. Pilbro*, 85 Cal. App. 789, 260 Pac. 303 (1927); *Muller v. Hale*, 138 Cal. 163, 71 Pac. 81 (1902).

RCW 10.49.060 applies alike to all persons within the designated class. It is not violative of either the fourteenth amendment of the United States Constitution or Art. 1, § 12 of the state constitution.

Appellant contends, in the second prong of his attack, that it is not enough for all codefendants, as a class, to be treated similarly in the exercise of their collective peremptory challenges. Nor is it sufficient that all single defendants, as a class, are treated similarly in the exercise of their peremptory challenges. He argues that the statute is unconstitutional because codefendants, as a class, are not treated like single defendants, as a class.

According to appellant, there is no reasonable ground for making a distinction between the two classes. Thus, RCW 10.49.060 is said to violate both the "equal protection" clause of the federal constitution and the "privileges or immunities" clause of the state constitution. For authority he cites *Louisville Gas & Elec. Co. v. Coleman*, 277 U. S. 32, 72 L. Ed. 770, 48 S. Ct. 423 (1927); *Old Dearborn Distributing Co. v. Seagram-Distillers Corp.*, 299 U. S. 183, 81 L. Ed. 109, 57 S. Ct. 139, 106 A.L.R. 1476 (1936); *Gulf, Colorado & Santa Fe R. Co. v. Ellis*, 165 U. S. 150, 41 L. Ed. 666, 17 S. Ct. 255 (1897).

Although the rights of all persons must rest upon the same rule under similar circumstances, *Louisville Gas*

& *Elec. Co. v. Coleman, supra,* legislative classification is not prohibited. It is only necessary that the classification be reasonable, not arbitrary, and rest upon some difference having a fair and substantial relation to the object of the legislation. *Old Dearborn Distributing Co. v. Seagram-Distillers Corp., supra; Gulf, Colorado & Santa Fe R. Co. v. Ellis, supra.*

The foregoing principles apply not only under the equal protection clause of the fourteenth amendment to the United States Constitution, but under the privileges and immunities clause of the state constitution as well. *State ex rel. Bacich v. Huse, supra.*

■ However, these rules are not without qualification. Classifications which have some reasonable basis do not offend against either the equal protection clause or the privileges and immunities clause merely because they result in some inequality. *State v. Kitsap Cy. Bank,* 10 Wn. (2d) 520, 117 P. (2d) 228 (1941); *Elkins v. Schaaf,* 4 Wn. (2d) 12, 102 P. (2d) 230 (1940). It is recognized that classifications must be made and that in making them, dividing lines must be drawn some place. Thus, the question is not whether there is in fact some discrimination, but rather whether the discrimination is justified. *State v. Kitsap Cy. Bank, supra.*

■ Neither the equal protection clause nor the privileges and immunities clause requires perfection in legislative classification. *Florida Lime & Avocado Growers, Inc. v. Paul,* 197 F. Supp. 780 (1961). Within the limits of the restrictive rules that have been enumerated, the legislature has a wide measure of discretion in designating classifications. *State v. Kitsap Cy. Bank, supra.* A statutory enactment cannot be successfully attacked unless the discrimination or inequality produced by the particular classification is manifestly arbitrary, unreasonable, inequitable and unjust. *State ex rel. Bacich v. Huse, supra; Florida Lime & Avocado Growers, Inc. v. Paul, supra.*

When a statutory classification is challenged, if any state of facts reasonably can be conceived that will sustain it, there is a presumption that such facts exist. The burden

is upon the one who assails the classification of showing that it fails to rest upon any reasonable basis and is essentially arbitrary. *Elkins v. Schaaf, supra.*

In *Hayes v. Missouri, supra,* the state's peremptory challenge statute was attacked under § 1 of the Fourteenth Amendment. Although there was no question of codefendants' collective challenges, the basic problem was the same. It was alleged that there was no reasonable ground for making a distinction between those who fell within a class and those who did not.

In capital cases, the legislature gave the state 15 peremptory challenges in cities having in excess of 100,000 inhabitants. Elsewhere in the state, the prosecution was granted eight. Thus, in one class of city, a defendant was faced with 15 peremptory challenges, while in another class, he was faced with only eight.

Hayes was tried in a city of over 100,000 persons. He asked that the state be limited to eight peremptory challenges; however, his motion was denied. The prosecution used its entire 15 challenges. Hayes contended that he had been denied the equal protection of the laws enjoined by the Fourteenth Amendment, *supra.*

The court found that the classification was based upon the different problems involved in getting jurors in cities of unequal size. It was felt that the statutory differentiation was reasonable. Thus, it was not repugnant to the Fourteenth Amendment.

■ There are equally valid reasons for discriminating between the peremptory challenges of single defendants and codefendants. Here too, the reason is based upon the different problems involved in obtaining jurors.

To allow each codefendant the full number of peremptory challenges would frequently cause undue delay and needless burden upon the public. As pointed out in *State v. Reed,* 47 N. H. 466 (1867):

" . . . If ten or twenty men were indicted for a misdemeanor, like a riot, and each had his two peremptory challenges, a larger attendance of jurors would be required than in a capital trial; . . ."

Other courts also have recognized that if codefendants were given the full number of personal challenges, it would not only be inconvenient, but difficult to obtain juries. In fact, it would require the presence of an impractical number of jurors. *State v. Sutton*, 10 R. I. 159 (1872); *State v. Cady*, 80 Me. 413, 14 Atl. 940 (1888); *Schwartzberg v. United States*, 241 Fed. 348 (1917). The same reasons apply here.

Equal protection does not require identity of treatment, if there is a reasonable ground for a difference in policy. *Blue & Gold Stamps-U-Save Premium Co. v. Sobieski*, 190 F. Supp. 133 (1961). The fact that a classification rests upon narrow distinctions does not make it repugnant to the Fourteenth Amendment, or the privileges and immunities clause of the state constitution. *Bauer v. State*, 7 Wn. (2d) 476, 110 P. (2d) 154 (1941); *Garretson Co. v. Robinson*, 178 Wash. 601, 35 P. (2d) 504 (1934).

The distinction between classifications has a reasonable basis. It does not offend against the equal protection clause of the fourteenth amendment of the United States Constitution or the privileges and immunities clause of the Washington State Constitution merely because there appears to be some inequality. *State v. Kitsap Cy. Bank, supra; Elkins v. Schaaf, supra.*

The judgment is affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.