EUGENE ALVIN ANDERSON AND GEORGIA JOANNE HILL, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 4708

October 11, 1965                    406 P.2d 532

[Rehearing denied November 4, 1965]

*Samuel B. Francovich,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Herbert F. Ahlswede,* Chief Criminal Deputy, Washoe County, for Respondent.

## O P I N I O N

By the Court, ZENOFF, D. J.:

Appellants seek reversal of a conviction for possession of narcotics, alleging as error a ruling of the trial court allowing, under NRS 175.015, only four peremptory challenges to be shared among all of the defendants. The joint defendants insist that they were each individually entitled to four peremptories.

NRS 175.085 provides that (1) if the offense charged is punishable with death or by imprisonment for life, the defendant is entitled to eight, and the state to eight peremptory challenges, and (2) if the offense charged is other than those mentioned in subsection (1), the defendant is entitled to four and the state to four peremptory challenges.

NRS 175.205 requires that when two or more defendants shall be jointly charged with a criminal offense, they shall be tried jointly, unless, for good cause shown, the court shall otherwise direct.

NRS 175.015 states that when several defendants are tried together, they cannot sever their challenges, but must join therein.

At the commencement of the jury selection in this case, there were six defendants represented by three different attorneys. The trial court ruled that all defendants were entitled to a total of four peremptory challenges. When certain defendants could not agree on the exercise of peremptories, three of the defendants (represented by two of the attorneys) made timely motions and were severed from the trial.

Thereafter the remaining three defendants, all represented by the same counsel, exercised their peremptories "reluctantly" after denial of a request to sever appellant Anderson on the ground that he could not agree on the exercise of a peremptory challenge. Trial and conviction followed.

1. That the defendants were not entitled to separate trials without a sufficient showing of facts proving that prejudice would result from a joint trial is clear. NRS 175.205; State v. McLane, 15 Nev. 345 (1880); State v. Lewis, 50 Nev. 212, 255 P. 1002 (1927). Therefore, under NRS 175.015, defendants were required to join in their challenges. State v. McLane, supra; People v. Doran, 246 N.Y. 409, 159 N.E. 379; People v. Kassis, 145 Misc. 493, 259 N.Y.S. 339 (1931); State v. Mitchell, 36 Idaho 724, 214 P. 217 (1923).

The question remains then whether NRS 175.015 violates any constitutional right given the defendant by either the federal or state Constitution.

There is nothing in either the Constitution of the United States or the Nevada Constitution which requires Congress or the state Legislature to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. Stilson v. U.S., 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); State v. McClear, 11 Nev. 39 (1876).

Peremptory challenges arise from the exercise of a a privilege granted by the legislative authority. Our legislature has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege, they must act accordingly. It may be that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are unobjectionable to others. But this situation arises from the exercise of the privilege and does not invalidate the law. The privilege must be taken with the limitations placed upon the manner of its exercise. Stilson v. U.S., supra; State v. McLane, supra; 136 A.L.R. 453. And this is still the law. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

Further, State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936), holding that joint defendants in that case could have only four peremptory challenges, said, "[T]he record does not show * * * that the defendants, after they had exercised four peremptories, or at any other time, informed the court that they were not entirely satisfied with the jury, or that they desired or demanded that they be permitted to exercise any further peremptory challenges." Id. at 391. "* * * [T]here is but one way for a person on trial to show that he is prejudiced in such a situation, which is to seek to exercise his right —to exhaust his remedy." Id. at 399.

We are in accord with the Squier case in its holding that the defendant must be prejudiced, but we expressly overrule any implication by that case that indicates that there is only *one* way to preserve the defendant's rights, i.e., to attempt to challenge another juror. We believe that acquiescence in the court's ruling will not necessarily waive defendant's objections if the defendant sufficiently makes clear his objection at the time of the ruling.

The defendants in the present case firmly argued at the commencement of the trial that defendants should each be allowed to exercise four peremptories, and after the court's ruling to the contrary, entered into their remaining challenges "reluctantly," using the language of counsel. The court said, "He doesn't protest but you think 'reluctantly' is a good way to put it," to which defendants' counsel replied in the affirmative.

While the objection was not explicitly stated, the defendants sufficiently preserved their objections to the court's refusal to allow additional peremptories so that the waiver in Squier does not apply.

2. Appellants' contention that the "one man-one vote" rule of the U. S. Supreme Court now applied to election of the members of the state legislatures, Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1961), and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct.

1362, 12 L.Ed.2d 506 (1964), should apply to peremptory jury challenges is without merit.

3. Appellants also assert error in one of the court's instructions. The allegedly offensive instruction is not part of the record before us. It is not included in the Designation of Record on Appeal. We refuse to consider any matter outside the record. State v. Forsha, 8 Nev. 137 (1872); State v. Ah Mook, 12 Nev. 369 (1877); State v. Murphy, 21 Nev. 332, 31 P. 513 (1892); State v. Maher, 25 Nev. 465, 62 P. 236 (1900); State v. Douglas, 26 Nev. 196, 65 P. 802 (1901); State v. Cerfoglio, 46 Nev. 331, 201 P. 322 (1923).

Affirmed.

THOMPSON and BADT, JJ., concur.